# THE ALTON AND UPPER ALTON HORSE RAILWAY AND CARRYING COMPANY

## *v.*

## PHILIP DEITZ.

1. CORPORATIONS—*liability of horse railway companies for the damages resulting to others by the construction of their track.* In an action on the case, against a horse railway company, for damages resulting to the plaintiff in consequence of the manner in which the defendant had constructed the track of its railroad, whereby the water was obstructed and the premises of plaintiff were overflowed, it was objected, on the trial, that the defendant could not be held liable, for the reason, that, by the act of incorporation, the company was required to construct its road subject to such restrictions as might be imposed by the corporate authorities of the city of Alton, and by the trustees of the town of Upper Alton, and that defendant had constructed its railway track under the limitations imposed by the city, and under the direction of the city engineer. *Held,* that there was no force in this objection ; that the company, by its acceptance of the charter with its conditions, and adoption of the terms imposed by the city and the plans prescribed by its engineer, which acts were purely voluntary, thereby rendered itself liable for damages resulting to others by the construction of its road, to the same extent as though the work had been prosecuted under the direction of its own engineer.

2. SAME—Where an incorporated company of this character, accepts its charter and constructs a railway, it is an implied condition that they will not injure others by its construction or maintenance, and if injury results therefrom they must be held responsible for the damages.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

The opinion states the case.

Messrs. BILLINGS & WISE, for the appellants.

Messrs. L. & L. DAVIS, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought to the September term, 1868, of the Alton City Court, by appellee, against appellants. The ground relied upon for recovery is, that appellants wrongfully caused to be constructed, across a gutter on a street in the city of Alton, the track of their railroad in such a manner as to cause a permanent obstruction to the passage of the water when increased by rains, so as to overflow appellee's land; and that, in consequence of such obstruction, the water was flowed back upon appellee's premises, whereby damage was caused to his garden, vegetables, flowers, shrubbery and seeds. Appellants filed the general issue, and a trial was had before a jury, who rendered a verdict against appellants for $150. A motion for a new trial was entered, but it was overruled by the court, and judgment rendered on the verdict.

It appears, from the evidence in the record, that appellee had leased the lots which he was cultivating as a seed garden, at a rent of $100 a year. It appears that, prior to the construction of this city railway, this ground was not overflowed, but there was a free passage for the water, and that the railway created an obstruction to its passage and flowed it back on this ground.

The law incorporating this company was adopted at the January session of the legislature in 1867. The 6th section of the act of incorporation declares that the company is authorized to lay down and maintain its railway in, upon, over and along any street or streets in the city of Alton and the town of Upper Alton, subject to such restrictions as may be imposed by the common council of the city and by the trustees of the town of Upper Alton. An ordinance was adopted authorizing appellants to lay a single track, with necessary turnouts, etc., on the street in question. It provides for the manner in which the track shall be laid, and the culverts constructed; the manner in which the cars shall be propelled, the rate of speed, and declares that the railway company shall be liable for damages

to property or person, in operating their road; and the city reserved the right to prescribe, regulate and alter the grade of the streets of the city without incurring liability to the company for damages.

It also appears, that the track of the company was laid under the direction of the city engineer, who gave his personal attention to the matter, and this culvert was constructed according to his directions; that the culvert was not sufficient to discharge the water, as it was constructed.

Appellants insist that, as they constructed their railway track under the ordinances and under the control of the city engineer, they cannot be held liable for this injury. It will be conceded that there was no law requiring them to construct their track. That was a matter of choice, and purely a voluntary act on their part. There was no compulsion, but purely a matter of profit and gain on the part of the company. They accepted the charter, with its conditions, and it was for them to determine, before it was accepted, whether, when they complied with the terms and conditions imposed, it would be profitable. Where an incorporated company of this character accept their charter and construct a railway, it is an implied condition that they will not injure others by its construction or maintenance. If they receive, exercise and enjoy special rights and privileges over those enjoyed by the community at large, it must be implied that they will respond in damages to all persons injured by the construction or maintenance of their track. And the valuable franchises they receive are certainly sufficient compensation to them for the liability thus incurred,—but if they were not, it is a rule that all persons must so use their own as not to injure others.

When the city prescribed the limitations under which the company could lay their track, it was for them to determine whether they would proceed or abandon the enterprise; it was for them to say whether it would be to their present or future advantage to accept the terms, with the liability to damages to others growing out of the terms imposed by the city, and

proceed with the work.  When they adopted the conditions imposed by the city, and the plans prescribed by its engineer, appellants made them their own.  They were free to accept or reject them, and having accepted them, they are responsible for the damages resulting to others by the construction of the road, to the same extent, and precisely as though the plan had been suggested and carried out by an engineer of their own.

Whether the city, or its engineer, is liable over to appellants is a question not presented by this record, and we, therefore, refrain from discussing it.

The judgment of the court below is affirmed.

*Judgment affirmed.*