THE INDIANAPOLIS, BLOOMINGTON AND WESTERN RAIL-
WAY COMPANY *v.* SMITH ET UX.

RAILROAD. — *Street.* — A railroad company is liable in damages for injury
occasioned by reason of the construction of a raised railroad track along
a street of a city, thereby causing the water from rains and freshets to
flow upon adjacent real estate, and also for injury occasioned by reason of
the construction of an embankment, on a street approaching a street cross-
ing of said track, in front of a lot in a city occupied by a dwelling-house,
thereby rendering the approach to the lot in the front on such street impos-
sible for carriages, wagons and vehicles and inconvenient for foot-passen-
gers.

From the Montgomery Circuit Court.

*C. W. Fairbanks,* for appellant.

PETTIT, J.—This suit was brought by the appellees, Ann
M. Smith and her husband, Samuel D. Smith, against the
appellant and the city of Crawfordsville, to recover for dam-
age done to the real property of the female appellee, in and
by the construction of the appellant's road, its ditches and
embankments.

The city demurred to the complaint for want of sufficient
facts, which was sustained, thus putting the city out of the
case. Proper issues were formed between the appellant and
appellees. The case was submitted to the court, with a
request that the court should find specially the facts and the
conclusions of law thereon, which was done, as follows:

"1. That the plaintiff Samuel D. Smith is the husband
of the plaintiff Ann M. Smith; and that the said Ann M.
Smith, on the 25th day of March, 1862, became the owner
of the real estate described in the complaint as lot No. 3, in
Coon & McMullen's addition to the city of Crawfordsville,
in Montgomery county, Indiana, upon which lot is situated
a dwelling-house, occupied as a residence by the plaintiffs,
and which lot is marked 'A' on the accompanying diagram,
and which fronts on Walnut street, in said city, for a dis-
tance of forty feet, on the east side of said street, and imme-
diately north of said lot, and between it and Franklin street,
are certain lots fronting on Walnut street, a distance of

eighty feet, which lots now belong to, and were purchased by, the railroad company since the construction of their railroad, and which lots are marked 'B' on the accompanying diagram.

"2. That, prior to the construction of the defendant's railroad, the grade of Walnut street was established and fixed, and also the sidewalks thereof, and the street gravelled and improved, and the plaintiff purchased her real estate after such grade was established and street improved; that the grade of the street, prior to the construction of the railroad in front of the plaintiff's lot, was, in the center of the street, about eight inches higher than the level of the sidewalk in front of said lot, and between the carriage way in said street and the sidewalk was a ditch or gutter about eight inches lower than the sidewalk, and that the front of said lot was free of access to pedestrians, and approachable, without obstruction, by teams and vehicles.

"3. That the railroad of the defendant, The Indianapolis, Bloomington and Western Railway Company, was constructed on and along Franklin street, in said city; that, prior to the construction of said railroad, the city of Crawfordsville passed the several ordinances, as set out in the complaint, and the railway company succeeded to all the rights and privileges granted by said ordinances, and accepted the conditions and obligations of the same as set out in the complaint, and the railroad track, marked on the accompanying diagram, was laid and constructed on or about the —— day of ——, 18—.

"4. That, prior to the construction of said railroad, Franklin street had not been improved, nor the grade of the same established, by said city of Crawfordsville.

"5. That, prior to the construction of said railroad and before the laying out and improving of either Franklin or Walnut streets, the surface water, accumulating from rainfalls, passed down and along the line marked 'D' on the accompanying diagram; that, after said streets and abutting lots were laid out and occupied, and before the construction

of the railroad, the main body of said accumulating surface water ran down and along the line marked 'E' on said diagram, and the said water accumulating west of the line marked 'E,' on the south side of Franklin street, ran west on and along the line marked 'F' on said diagram, to its intersection with line 'E,' on Walnut street, the ditch along line 'F' having been constructed by one Cox, who, prior to the construction of the railroad, owned lots 'B,' and in times of freshet or unusual rains some water overflowed and passed from line 'F,' down and along line 'D.'

"6. That at the point 'G,' on said diagram, being the center of the railroad track and of the crossing of Franklin and Walnut streets, the top of the grade of said railroad track is eight and two-tenths feet above the level of the plaintiff's lot, and about six feet above the original grade of Walnut street, at said point, marked 'G.'

"7. That the said railroad company so constructed the grade of her railroad and laid her track on and along Franklin street, eastward from the point marked 'G,' in such manner that all the surface water accumulating south of said track and eastward along the south line of said street for a distance of one thousand feet from the northeast corner of lots 'B,' flows west along the south side of Franklin street and enters lots 'B' at or about their northeast corner, and flows along line marked 'H' on said diagram, across lots 'B' and upon the lot of plaintiff, overflowing the same, and causing the water to flow over and upon said lot, and around, and under, and in front of the dwelling-house on the same, on one or more occasions since the construction of the railroad, to the depth of about eighteen inches, and on other occasions to a depth of three inches and over, destroying the use of the rear portion of said lot as a garden, and othererwise damaging the same.

"8. That after the defendant constructed her railroad from the point 'G,' on said diagram, the railroad company constructed an embánkment or approach to said crossing,

extending southward on Walnut street, to the point marked 'I,' a distance of about fifty feet from the point marked 'G;' that said embankment was too steep for the use of loaded wagons and teams crossing over said railroad track in passing on and along Walnut street, and when muddy it was not sufficient even for lighter vehicles; that said embankment was not gravelled by the railroad company, but was made of clay. But said embankment was not more steep than some other embankments, or approaches, at crossings of said railroad; that Walnut street was and is the principal thoroughfare for persons and teams approaching the city of Crawfordsville from the west and southwest, and is and was much used as such.

"9. That afterwards, the city of Crawfordsville caused to be constructed a further embankment extending southward along Walnut street from the point 'G,' a distance of two hundred and forty feet, to the point 'K,' and that said embankment in front of the center of the lot of the plaintiff is three feet and two inches above the level of said front, and in front of the north line of plaintiff's lot it is four feet and three inches above said level, and the side of said embankment facing the property of the plaintiff is too steep for teams, carriages, and other vehicles to pass up or down, and the front of the plaintiff's lot is rendered inaccessible to such vehicles, there not being room enough to turn a wagon or buggy between the said embankment and the side embankment and the sidewalk in front of the plaintiff's lot. And said embankment and grade of the railroad renders the approach to said lot and dwelling-house from the front difficult and inconvenient for foot-passengers; that the making of said embankment by the city was rendered necessary to enable wagons and vehicles passing on and along Walnut street to pass over the grade of the railroad track on said street, and said embankment is no greater or higher than was necessary for the free use of said street by the public.

The Indianapolis, Bloomington and Western Railway Co. *v.* Smith *et ux.*

Diagram filed with special finding, and made a part thereof.
     SOL BLAIR, *Judge.*

" 10. That the said embankment was made by direction of the common council of the city of Crawfordsville, but not by the passage of an ordinance providing for the improvement of the street, and the railroad company, under threats of a suit by said city and under protest, paid the said city the cost of said embankment so made, to wit, the sum of five hundred dollars.

" 11. That the point ' K,' marked on said diagram, as the southern terminus of the embankment made by the city, is eleven feet and ten inches lower than the grade of the railroad track at the point ' G.'

" 12. The dwelling-house of the plaintiff occupies almost the entire front of the plaintiff's lot, and there is no drive or wagon way from the street to the rear of plaintiff's lot along or across said lot.

" 13. That by reason of the construction of the railroad track along Franklin street in the manner in which it is constructed, causing the water to flow upon •the lot of the plaintiff as before stated, and by reason of the construction of the embankment on and along Walnut street in front of the plaintiff's lot, thus rendering the approach to said lot in the front impossible for carriages, wagons or vehicles, and difficult and inconvenient for foot-passengers, the lot of the plaintiff and the improvements thereon have been damaged in the sum of five hundred dollars.

" 14. As a conclusion of law, arising from the foregoing facts, the court finds that the defendant, The Indianapolis, Bloomington and Western Railroad Company, is liable to the plaintiff for the damages to the said lot and dwelling-house of the plaintiff, and that the plaintiffs are entitled to have and recover of the said defendant the said sum of five hundred dollars, their damages aforesaid.       Sol Blair, Judge."

The only question before us is, do the facts found justify the conclusion of law arrived at by the court? The findings substantially cover the allegations of the complaint, and there is no objection made as to its sufficiency.

The thirteenth special finding clearly shows that the damage to the plaintiffs' property was caused by the action of the railroad company, and we hold that, on the whole case, the conclusion of law was right and proper. *Cox* v. *The L., N. A. & C. R. R. Co.*, 48 Ind. 178.

The judgment is affirmed, at the costs of the appellant.