THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD CO. v. JOHN HAMMER.

SURFACE WATER; *Damages, Action for.* The simple fact that the owner of one tract of land raises an embankment upon it which prevents the surface water falling and running upon the land of an adjoining owner from running off said land, and causes it to accumulate thereon to its damage, gives to the latter no cause of action against the former, nor is the rule changed by the fact that the former is a railroad corporation, and its embankment raised for the purpose of a railroad track, nor by the fact that a culvert could have been made under said embankment sufficient to have afforded an outlet for all such surface water.

*Error from Lyon District Court.*

ACTION brought by *Hammer* against the *Atchison, Topeka & Santa Fé Railroad Company*, to recover damages to crops from the overflow of plaintiff's lands. Trial by the court, at the March Term, 1878, and findings and judgment for plaintiff for $300 damages, and for costs. New trial refused, and the *Railroad Company* brings the case here. The facts are stated in the opinion.

*Ross Burns, J. G. Waters*, and *W. C. Campbell*, for plaintiff in error.

*Sterry & Sedgwick*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to recover damages to crops from the overflow of plaintiff's lands. The case was

tried upon an agreed statement of facts, and judgment rendered in favor of the plaintiff. The following is all there is in this statement as to the cause of the overflow:

"That the said lands of plaintiff were so overflowed in consequence of a culvert, built by defendant on its right of way, being insufficient to let the amount of water running and falling on said lands pass through it, and also in consequence of the embankment of its said line of railroad, on its said right of way along and adjoining the said lands of plaintiff, being so high as to not permit the passage of the water running and falling on said lands, or passing over the top thereof."

There is nothing in this, or elsewhere in the record, tending to show the existence of a water-course. On the contrary, the plain implication is that the embankment simply prevented the flow of surface water, and thus caused it to accumulate upon the lands of plaintiff. Does this give a cause of action? We think not. The general rule undoubtedly is, that no action lies for obstructing the flow of surface water. It was well said by Beasley, C. J., in *Bowlsby v. Speer* ( 2 Vroom, 351), that "there is no such thing known to the law as a right to any particular flow of surface water, *jure naturæ*. The owner of land may, at his pleasure, withhold the water falling on his property from passing in its natural course on to that of his neighbor, and in the same manner, may prevent the water falling on the land of the latter from coming upon his own." See also, *Swett v. Cutts,* 11 Am. Law Reg. ( N. S.), 11, and notes of Redfield, J.; Angell on Water-courses (6th ed.), § 108 *a; Dickinson v. Worcester,* 7 Allen, 19 ; *Wheeler v. Worcester,* 10 Allen, 591 ; *Parks v. Newburyport,* 10 Gray, 29 ; *Flagg v. Worcester,* 13 Gray, 601 ; *Goodale v. Tuttle,* 29 N. Y. 459 ; *Frazier v. Brown,* 12 Ohio St. 294 ; *Wagner v. L. I. Rld. Co.,* 2 Hun, 633.

There are doubtless exceptions to this general rule. One such was noticed by this court in the case of *Palmer v. Waddell,* ante, p. 352. See also the case of *Livingston v. McDonald,* 31 Iowa, 161, in which may be found some valuable dis-

cussion by Dillon, J., of the relative rights and obligations of the upper and the lower land-owner.

But no exception is shown to the general rule by the fact that the party raising the embankment is a railroad corporation, and the embankment raised upon its right of way for use as a railroad track, nor by the fact that a culvert could have been placed in such enbankment sufficient to have afforded an outlet for all such surface water, nor by the fact that a culvert was placed therein insufficient to afford such outlet.

Neither is the plaintiff's case helped by § 1, ch. 93, Laws 1870, p. 197, which provides that railroads shall be liable for all damages "when done in consequence of any neglect on the part of the railroad companies," for when there is no obligation to do an act, there is no negligence in omitting to do such act. The cases cited by counsel for plaintiff are all of them cases of water-courses, concerning which the rule is different, except the cases from Indiana and Illinois, (*R. R. Co. v. Deitz*, 50 Ill. 210; *T. W. & W. R. R. Co. v. Morrison*, 71 Ill. 616; *I. B. & W. R. R. Co. v. Smith*, 52 Ind. 428); and those cases, unless founded on some local statute, do not commend themselves to our judgment.

The judgment of the district court will be reversed, and the case remanded with instructions to render judgment on the agreed statement in favor of the defendant (plaintiff in error) for costs.

All the Justices concurring.