No. 30,360.

D. M. Butts, *Appellee*, v. The Atchison, Topeka & Santa Fe Railway Company, *Appellant*.

(9 P. 2d 648.)

Opinion filed April 9, 1932.

*William R. Smith, Alfred A. Scott* and *C. J. Putt,* all of Topeka, for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one against defendant for damages resulting from obstruction of the flow of surface water through a culvert in defendant's embankment on its right of way through plaintiff's land. A demurrer to the petition was overruled, and defendant appeals.

From a point on the north line of plaintiff's land the railway grade extends in a southeasterly direction through the tract. Surface water on the tract, and coming on the tract from other land, flowed toward the southwest, and defendant constructed a culvert near the north line of the tract which permitted the water to pass under the railway track. Afterwards the culvert became obstructed with weeds, dirt and debris to such an extent water was held back on plaintiff's land. Defendant made some alterations in construction, and made some effort to open the culvert, but they were ineffective. The petition alleged the culvert was originally insufficient to care for natural drainage of surface water, alleged the culvert was negligently allowed to become obstructed, and alleged the repair work was negligently done.

The basis of plaintiff's claim is his interest in the unobstructed flow of surface water on and across his land. The petition did not specify what defendant did or omitted to do which invaded plaintiff's interest, other than has been stated, and the charges of negligence simply amount to a charge of obstructing the flow of surface water.

Defendant rested under no duty to plaintiff to receive or to dispose of surface water which came upon defendant's right of way from plaintiff's land, and defendant could receive and dispose of, or could turn back the water, as defendant deemed best for the protection of its grade and track. This is the general common-law rule, and it has been consistently applied to obstruction of the flow of surface water by railway embankments. (*A. T. & S. F. Rld. Co. v. Hammer*, 22 Kan. 763; *K. C. & E. Rld. Co. v. Riley*, 33 Kan. 374, 6 Pac. 581; *Mo. Pac. Rly. Co. v. Renfro*, 52 Kan. 237, 34 Pac. 802; *Prunty v. Railway Co.*, 88 Kan. 42, 127 Pac. 529.)

The common law was modified by a statute enacted in 1911, which was amended in 1917. The statute reads as follows:

"A lower owner or proprietor shall not construct or maintain a dam or levee for the purpose of obstructing the flow of surface water onto his land to the

damage of the adjacent upper owner or proprietor; but nothing herein shall be construed as preventing an owner of land from constructing a dike or levee along the bank of a natural watercourse to repel flood water from such natural watercourse: *Provided,* That the provisions of this act shall apply only to lands used for agricultural purposes and highways lying wholly outside the limits of any incorporated city." (R. S. 24-105.)

The statute has no application to the railway company as a proprietor, since its right of way is neither agricultural land nor a highway, and its grade is neither a dam nor levee erected to obstruct the flow of surface water.

The petition alleged there were two natural drainage courses leading up to defendant's embankment, and in order to accommodate the flow of surface water from one of these courses plaintiff constructed a ditch running from the south along the right of way to the culvert. If by this means plaintiff accumulated surface water on his land and cast it in volume upon defendant's land, defendant was not obliged to receive or to dispose of the water. If the usual course of the water was merely diverted, defendant was not obliged to receive or to dispose of the water.

The judgment of the district court is reversed, and the cause is remanded with direction to sustain the demurrer to the petition.