# FRANKLIN COUNTY,

[Continued from *ante* page 238.]

---

## STATE TREASURER *v.* CYRUS N. BISHOP.

*Recognizance. Criminal Proceedings. Statute.*

Where it was objected in an action on a recognizance for the appearance of a person charged with a crime, entered into before one of the judges of the county court, that it did not appear where the recognizance was taken, it was *held* that the *venue* in the margin, which was "State of Vermont, Franklin County," sufficiently indicated in what county it was taken.

It was stated in the body of the recognizance that said person, named, one of the recognizors, was, at the time of taking the recognizance, confined in jail at St. Albans, and that both personally appeared before the subscribing authority. *Held*, that the court will take judicial notice that St. Albans is in Franklin county; from which also it is apparent that the recognizance was taken in that county.

The recognizance need not recite in detail all the proceedings before the justice. In this case it was held that they were sufficiently stated.

The bond having been returned during the term to which the respondent was bound to appear, it is *held*, that a neglect to comply in point of time with a provision of the statute, (G. S. ch. 124, § 14,) requiring the judge taking the recognizance to return the same to the clerk of the court *before* the next succeeding term, which provision is for the convenience of the state, and not for the benefit of the recognizor, does not discharge the recognizance, when the neglect cannot operate, and has not operated, to the surety's prejudice.

*Scire Facias* upon a recognizance. Trial by court at the April Term, 1866, STEELE, J. presiding. The recognizance was entered into by the defendant, August 10th, 1864, as surety for John Du Varnie, who was confined in jail upon a charge of horse stealing. The recognizance was returned to the clerk of the court and filed October 10th, 1864.

The next term of the court to which the respondent, Du Varnie, was bound to appear, commenced its session on the second Tuesday of September, A. D., 1864, and continued till after October 10th, 1864.

An indictment was found by the grand jury at the said September Term against Du Varnie, and the case was continued that term and at a subsequent term, Du Varnie failing to appear, the recognizance was declared forfeited.

No question was made of the plaintiff's right to recover except the recognizance was not returned to the clerk of the court in season and that the offence is not sufficiently described in the recognizance. The court rendered judgment for the defendant, *pro forma.* Exceptions by the plaintiff.

The condition of the bond was as follows : "The condition is such that whereas the said John Du Varnie is now confined in jail in said St. Albans, charged with the crime of horse stealing, and said charge having been heard by Nahum Temple, Esq., justice of the peace for and in said county, and the said Du Varnie having been ordered by said justice to become recognized with sureties for his appearance at the term of the county court next to be holden at St. Albans, in said county, on the second Tuesday of September, A. D. 1864 to answer to said charges, and for want of such recognizance to be confined in said jail. Now, therefore," etc.

*D. R. Bailey*, State's Attorney, for the plaintiff.

I.   The statute requiring the judge taking the recognizance to return the same to the clerk of the court before the next succeeding term *is directory.*   G. S., ch. 124, § 14.   There are no negative words in the statute restraining the judge from returning it afterwards, it merely points out the duty of the judge and the time of performing it.   *Pond* v. *Negus*, 3 Mass. 231 ; *Crosby* v. *School District*, 35 Vt. 623.   The failure of a judge to return a recognizance before the next term of the court could not in any case work an injury to the principal or surety.   G. S., ch. 124, §§ 14, 24.

II.   The offence was sufficiently described in the recognizance. It is not necessary that the recognizance should set forth all the facts

of the case. *Daniels* v. *People*, 6 Mich. 19 U. S. D. 596, § 15; 16 ,
U. S. D. 548, § 11; *People* v. *Bingham*, 18 Ill. 152, 18 U. S. D.
638-9.

*George F. Houghton*, for the defendant.

The ruling of the court below was correct because, the recogni-
zance is defective in two particulars. 1st. That it does not purport
to have been taken within the county of Franklin, nor at any place
in said county where the assistant judge of the county court had
jurisdiction. 2d. It does not describe when and where the offence
was perpetrated for which the respondent was committed.

The omission to return said recognizance before the September
Term operates as a discharge of the bail. 1st. The matter of tak-
ing bail in vacation is regulated wholly by statute, and all of the
requirements of the statute must be literally fulfilled. The statute
requires that the recognizance taken by the assistant judge should be
returned "*before* the next succeeding term." This requirement is an
imperative one. 2d. The reason of this requirement is obvious
upon referring to other sections of the same chapter for the relief of
bail. It was intended to be beneficial to the surety so that in the
event of the default of the principal to appear, the bail might obtain
a warrant for his recommitment. 3d. The bail could not obtain a
warrant after the term commenced, because, until October 10th, 1864,
there was no record of the recognizance for the court to act upon.
The surrender of the principal became, therefore, impossible by
operation of law. This entitles the bail to a discharge from his
recognizance, and is a good defence to a suit against the recognizor.
*McFarland* v. *Wilbur et al.*, 35 Vt. 348; It would seem that where
there is *any* irregularity in the proceedings the bail is exonerated.
Tidd's Practice, 290 to 295; 3 Kinne, 277.

The surety in a recognizance in a criminal case is entitled to the
same indemnity which is allowed to bail in civil cases. *Reynolds* v.
*Harrol*, 2 Strobhart's R. 87.

The opinion of the court was delivered by

PECK, J. This is an action on a recognizance entered into before
R. H. Hoyt, one of the judges of the county court of the county of

Franklin, for the appearance of one John Du Varnie before the county court, in and for said county, to answer to a criminal charge for horse stealing, for which he stood charged, and had been bound over by a justice of the peace. The question is as to the validity of the recognizance.

It is objected that the recognizance does not appear to have been taken within the county of Franklin where the judge taking it had jurisdiction, and that it does not appear when and where the offence was committed. It is doubtful whether the case shows that either of these objections was made in the county court, so as to entitle the defendant to raise them here. The objection in the county court that the offence is not sufficiently described in the recognizance is the only one that can be claimed to embrace either of these objections. But aside from this, treating the exceptions as presenting these questions, the first objection is not founded in fact. It sufficiently appears where the recognizance was taken, from the *venue* in the margin, which is, "*State of Vermont, Franklin County.*" It is also stated in the body of the recognizance that the said Du Varnie, one of the recognizors, was, at the time of taking there cognizance, confined in jail in St. Albans, and that both personally appeared before the subscribing authority. The court will take judicial notice that St. Albans is in Franklin county. From this it is apparent that the recognizance was entered into in the county of Franklin within the local jurisdiction of the magistrate taking it. As to the other objection, that the recognizance does not show when and where the offence was committed, it is not necessary to recite in detail all the proceedings before the justice, there is sufficient stated from which the regularity of these proceedings will be intended.

It is objected that the recognizance is not binding, because it was not returned to the county court by the judge who took it, by the first day of the term of court next after it was taken. The statute directs the judge taking such recognizance, to return the same to the clerk of the court before which such person is required to appear, before the next succeeding term of such court. If this provision of the statute was enacted for the benefit of the recognizor, and it appeared that the defendant, the surety, had been prejudiced by the

delay, there would be force in this objection. But this provision is obviously not for the particular benefit of the recognizor, but for the interest of the state and the convenience of the prosecuting attorney, to enable him to have early information that the accused is not on bail, and to enable the court to have possession of thebond of recognizance so that it may be forfeited, if desired on the part of the state, when occasion requires. It is difficult to see how the surety would be likely to suffer, or how he could be prejudiced by a neglect to return the bond of recognizance before the next term, especially if returned during the term as it was in this case. It is provided that the justice shall return his proceedings in binding over the respondent, within thirty days after the date thereof, or if there are not thirty days between that time and the next term of the court to which the respondent is to appear, then on the first day of said term. It is to be presumed the justice did so in this case; as it appears that the accused was indicted at the term to which he was bound over to appear. The presence of the bond in court was not necessary to enable the case to proceed before the grand jury, or for the trial in court. Hence the proceedings can not be supposed to have been delayed on account of the bond not having been returned before the term. It is to be presumed therefore that the continuance at that term was for some other cause. The defendant might have surrendered up the respondent at any time during that term, in discharge of his recognizance, whether the recognizance had been returned or not. The General Statutes, page 720, section 16, provides that on application of the surety, to the justice or judge before whom the recognizance was taken, such justice or judge shall issue a warrant for the commitment of the respondent in discharge of the bail. This the defendant might have caused to be done, or he might have obtained such warrant by motion in court. This remedy has not been prevented or delayed by the neglect to return the recognizance before the term of the court. It does not appear that the defendant made any such application. It might be necessary for the bond to be returned before the court could declare it forfeited. But that is not the question in this case. The bond having been returned during the term to which the respondent was bound to appear, we

can not say that a neglect to comply, in point of time, with a provision of the statute, which is for the convenience of the state, and not for the benefit of the recognizor, discharges the recognizance, when the neglect cannot operate, and has not operated, to the defendant's prejudice.   It would require an express provision of the statute, rendering the recognizance void for such neglect, to justify the court in holding it inoperative for such cause.

Judgment affirmed.