PORTER SHERMAN *v.* THE STATE OF KANSAS.

*Error from Wyandotte County.*

Where a practicing attorney signed a recognizance for the appearance of a prisoner,

*Held,* that the law of '67 [p. 47] was directory, and that where the signing was voluntary, he could not avoid judgment by reason, merely, of the prohibition of that law.

*But, held,* that a recognizance requiring a defendant, in a criminal case, to appear before the *circuit* court of a county (there being no such court), cannot be enforced against the recognizors, by virtue of forfeiture taken in the district court.

A recognizance, being of a penal nature, must be strictly construed.

The opinion contains a full statement of the facts bearing upon the points decided.

*Jesse Cooper*, for plaintiff in error, submitted:

This was a bond in a legal proceeding, within the meaning of the statute of 1867, § 1, p. 47.

1. This statute prohibits the taking of an attorney on any bond or recognizance, in any legal proceeding. It absolutely prohibits the constituted authorities from taking a bond from a practicing attorney, in any legal proceeding. The attorney has no power to waive the effect of this statute, because he cannot do the act that is prohibited. The act, *i. e.*, the taking, must be done by the officer of the law. The officer of the law is prohibited from taking an attorney, but does it. That act by him can bind no one, because it was in violation of the law. The attorney cannot waive the effect of

the statute upon a contract, when the act prohibited is the act of an officer of the law, the doing of which is a violation of the law. (*Sedgworth* v. *Spicer*, 4 *East.*, 568 ; *Rogers* v. *Reeves*, 1 *T.*, 418; 4 *E. C. L.*, 221; 2 *T.*, 570 ; 5 *E. C. L.*, 262.) A party can waive a personal privilege. Senators and representatives in congress can waive their personal privilege from arrest, given and guaranteed to them by the constitution. (*Stat.*, *p.* 16, §6.) A personal privilege may be waived.

2. The distinction between the case at bar and a case of personal privilege (like members of congress), is manifest. In all cases of personal privilege the statute affects the party and his acts, but in this case the statute is only applicable to the illegal act of the officer of the law. An act prohibited by statute, if done, has no binding force upon any one.

3. This recognizance is void, because there was no court to which it could be properly returned, and no court could declare it forfeited. The party charged was to appear before the *circuit* court of Wyandotte county, Kansas. All that the district court has done is *coram non judice*. (*Comp. L.*, 246, §56.) The statute provides that the tenor of the recognizance must show in what court the respondent was to appear. Nothing is to be left to inference, argument or construction. There can be no doubt or question where this respondent was to appear. It was in the circuit court for Wyandotte county. A failure to appear in that court gives the district court no power to proceed to declare the recognizance forfeited.

*By the Court*, BAILEY, J.

In this cause, Porter Sherman, the plaintiff in error,

had entered into a recognizance as surety for one Thomas Williams, who had been prosecuted for grand larceny. The recognizance was conditioned that Williams should personally appear "before the circuit court of the county of Wyandotte, on the first day of the next regular term thereof," to answer to said charge.

Williams having failed to appear at the next term of the *district* court for said county, the recognizance was declared forfeited ; whereupon, *scire facias* having been duly issued, and said Williams having failed to appear or answer, final judgment was rendered against Sherman, for the amount of his recognizance.

A bill of exceptions having been allowed, setting forth the recognizance verbatim, and stating the fact that Porter Sherman, who signed the same as surety, was, at the time of executing the same, a practicing attorney of that court, duly admitted and sworn as such, the case is brought to this court on petition in error.

Two questions are presented for our consideration upon this record, viz : 1. Whether said recognizance was void as to Sherman, because said Sherman was, at the time he executed the same, a regular practicing attorney of the court in which it was taken ? 2. Was said recognizance void, because it required said Williams to appear at the circuit court of said Wyandotte county, instead of the district court ?

1. As to the first point, it is urged that, though the act of Sherman in signing the bond was in direct contravention of the first section of the act of 1867, "providing the qualifications of sureties on official bonds " (*L.* '67, *p.* 47), yet the bond was not void, because the act, so far as it relates to practicing attorneys, establishes a personal privilege, which such attorneys may

waive, if they choose, and which Sherman did waive, in the case at bar, by the act of signing. Though it may seem that this view gives to the act but slight significance, since it gives to the attorney only the privilege which he had before the passage thereof, and which every other citizen possessed as well, namely, the privilege of refusing to go upon such bonds, yet, we prefer to look to the adjudications of other states, from which the act in question is substantially copied, for a construction; and in doing so we find that the same law has been in force for many years in the States of Ohio, Illinois and Missouri.

In Ohio, where an attorney had joined in an appeal bond in violation of a rule of court, to the same effect as our act of 1867, the court held the bond valid for the benefit of the appellee, remarking that otherwise the attorney might escape a legal responsibility, voluntarily assumed, and thus obtain an advantage by his own wrongful act. *Wallace v. Scales*, 6 *Ohio*, 429.

In Illinois, the case was precisely like the present— a *scire facias* upon a recognizance conditioned for the appearance of one Lane to answer to a criminal charge, and Jack, one of the cognizors, pleaded that, "at the time of entering into the recognizance he was an attorney and counselor at law." The court held that the words of the statute were *directory*, pointing out what security the law deems sufficient, and intended to guide the officers in the discharge of their official duties; and SKINNER, J., remarks: "The record presents the case of a licensed attorney—an officer of court —whose profession is the law, interposing his office in avoidance of his obligation. Were he to succeed in his defense, it would be a successful fraud on the law, which does not appear before to have been attempted

in this state, and which, for the honor of the profession, we trust may not be repeated;" and the recognizance was held valid. *Jack* v. *The People*, 19 *Ill.*, 58.

In Missouri, where one Hicks was sued as surety on an administration bond, Judge NAPTON remarks: "We are of opinion that the section of our adminis- tration law which prohibits an attorney at law from being taken as security upon an administration bond, is merely directory, and was not designed to avoid the obligation where the law has been disregarded." (*Hicks* v. *Chouteau*, 12 *Mo. R.*, 342.) These decisions indicate, very clearly, we think, what construction must be put upon our act of 1867; and we would have no hesitation in affirming the judgment in the case at bar, were it not for the other objection stated, viz:

2. The recognizance is conditional for the appearance of the principal before the *circuit* court of Wyandotte county, and there being no such court in Wyandotte county, the recognizance was declared forfeited in the *district* court for that county for his non-appearance at that court. Was this error? We think it was. A recognizance, being of a penal nature, is construed *strictly;* and we find no single case in which a party has been held to anything more than the exact and literal fulfillment of his written undertaking, as specified in the condition of the recognizance. Like Shylock, the state can claim nothing which is not "nominated" in the "bond." As, for example, where parties have been recognized to appear at court on a day certain, and afterwards the legislature has changed the time of holding the term of court so that court is not in session on the day named, the recognizance is void.

In Maryland, a case was decided almost identical with that at bar. After the adoption of a new consti-

tution, establishing "circuit courts" for the different counties of the state in place of the *county courts,* which were abolished, a recognizance was taken, conditioned for the appearance of the party before the "county court on the —— day of April;" and this recognizance was held absolutely void, since it purposed to bind the party to appear before a court which had no existence, and upon no fixed day.    Held, also, that the objection could be taken upon *scire facias* after forfeiture.    *See Coleman* v. *State,* 10 *Md.,* 168.

Where seeking to enforce a forfeiture, the state can claim of a party nothing more than a literal compliance with the terms of his obligation ; and in the case at bar, the plaintiff in error was not, in terms, bound to appear at the district court ; nor is he responsible for the mistake, clerical or otherwise, by which the words, "circuit court of Wyandotte county," appear in this instrument, in place of "district court," as it should have been.

The judgment of the court below is reversed, and the cause remanded.

All the justices concurring.