Cook v. Caraway.

---

GEORGE W. COOK v. VICTORIA CARAWAY, *et al.*

1. ATTORNEY *as Surety; Summons Set Aside.* While a practicing attorney, who is taken as surety upon a bond in a legal proceeding in the district in which he resides, cannot interpose his office in avoidance of his obligations, yet, where the clerk of a district court issues a summons in a civil action, upon a bond filed for costs, on which a practicing attorney residing in the district where the action is commenced is the only surety, the summons is improvidently issued, and it may be quashed and set aside, on a motion filed by the defendant for that purpose.

2. ———— The case of *Sherman v. The State*, 4 Kas. 570, distinguished.

*Error from Linn District Court.*

ON the 12th day of September, 1881, *Victoria Caraway* and *Caroline Wall* filed their petition against *George W. Cook*, in the district court of Linn county. The petition was signed by Blue & Rich, and S. H. Allen, attorneys for plaintiff. Both Blue and Allen are practicing attorneys, residing within

the limits of the judicial district where the petition was filed. At the time of filing the petition, the plaintiffs also filed their bond for costs, signed by themselves through their attorney, R. W. Blue, and also signed by R. W. Blue and S. H. Allen, the attorneys of plaintiffs. On the 12th day of October, 1881, the defendant filed his motion to quash and set aside the summons, for the reason that it was improvidently issued, alleging that there had been no bond for costs filed as required by law. This motion was overruled by the court, and defendant brings the case here.

*James D. Snoddy*, for plaintiff in error.

*Blue & Rich*, and *S. H. Allen*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Section 1, chapter 121, Laws of 1875, provides: That in any civil action brought in a district court of the state, before the clerk shall issue summons there shall be filed in his office, by or on behalf of the plaintiff, a bond, to be approved by the clerk, conditioned that the plaintiff will pay all costs that may accrue in the action, in case he shall be adjudged to pay them, and that he will pay all costs made by him, in case the same cannot be collected from the defendant, if judgment be obtained against him; provided, if the plaintiff have a just cause of action, and by reason of his poverty he is unable to give security for costs, upon filing an affidavit to that effect no bond shall be required. Sec. 1, ch. 13, Comp. Laws 1879, reads:

"That no state or county officers, or their deputies, shall be taken as surety on the bond of any administrator, executor, or other officer, from whom, by law, bond is or may be required, and no practicing attorney shall be taken on any official bond, or bond in any legal proceedings as aforesaid, in the district in which he may reside; and if any such officer or deputy is surety in any such bond filed in any office provided by law for the deposit thereof, such officer with whom such bond is filed shall, within thirty days from and after the taking effect of this act, notify the principal on such bond

to give additional security, which shall be approved as the law requires."

In *Sherman v. The State*, 4 Kas. 570, it was held, that where a practicing attorney signed a recognizance for the appearance of a prisoner, he could not avoid judgment thereon by reason of the statute prohibiting officers of the law from taking a practicing attorney as surety. That decision was based upon the doctrine that an attorney ought not to escape a legal responsibility voluntarily assumed by him, and thus obtain an advantage by his own wrongful act. The question before us is one of a different character. The attorneys upon the bond are not here interposing their office in avoidance of the obligation. The defendant below (plaintiff in error) excepts to the validity of the bond, because it was taken by the clerk in violation of the statute. We think he has the right to so intervene, and ask that the summons shall be quashed and set aside, because the bond required by law has not been executed. This conclusion in no way conflicts with the decision of *Sherman v. The State*, supra, and gives the statute full force where exception is taken at the first opportunity, by a party interested in the bond.

The ruling and order of the district court will be reversed, and the cause remanded with direction to the court below to quash and set aside the summons.

All the Justices concurring.