## O. O. POTTER, *et al.*, v. J. D. PAYNE.

ATTORNEY, *Surety on Cost Bond.* The defendant in the district court moved to quash and set aside a summons, upon the ground that the surety on the cost bond was an attorney at law, and the court overruled the motion. *Held,* That such ruling is not, of itself and alone, and while the case is still pending in the district court, undisposed of, a sufficient judgment or order upon which to maintain a petition in error in the supreme court.

*Error from Sumner District Court.*

ACTION by *Payne* against *Potter* and three others, to foreclose a mortgage. At the April term, 1883, the court overruled the motion of the defendants to quash the summons on the ground that the surety on the cost bond is an attorney at law. This ruling the defendants bring to this court. The opinion states the facts.

*Isaac G. Reed,* for plaintiffs in error.

*McDonald & Parker,* and *Herrick & George,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Sumner county, Kansas, by J. D. Payne against O. O. Potter and others, to foreclose a certain mortgage. The plaintiff gave a bond for costs, in accordance with § 1, chapter 121, of the Laws of 1875. (Comp. Laws 1879, ch.

80, ¶4113, p. 681,) which bond appeared on its face to be given by J. D. Payne as principal and Thomas George and J. T. Herrick as sureties, and was signed as follows: "J. D. Payne, by Thos. George, his attorney. Thomas George, J. T. Herrick." The defendants appeared specially before the court, and moved "that the summons issued in the above-entitled case may be quashed and set aside as having been improvidently issued." This motion was made upon the ground that both George and Herrick, the sureties on the cost bond, were attorneys at law, residing in Sumner county and practicing law in the judicial district within which the action was brought. This motion was heard by the court on April 21, 1883, and on the hearing thereof "it was admitted by the said plaintiff in open court and through his attorneys, Herrick and George, that each of said sureties on said bond, to wit, Thomas George and J. T. Herrick, was, at the time of signing and filing of said bond for costs, and ever since has been and now is, a practicing attorney, residing in Sumner county, and within the thirteenth judicial district of the state of Kansas, in which said action was brought." The court overruled the motion, and the defendants excepted; and they now bring the case to this court and ask that such ruling of the court below be reversed.

It does not appear that any judgment was ever rendered in the case, but so far as the record shows the case is still pending, undisposed of, in the district court of Sumner county.

Counsel for plaintiffs in error, defendants below, states in his brief in this court, among other things, the following:

"The only question raised by defendant in error before the court was, that [chapter 27 of the Laws of 1867] chapter 13 of the Compiled Laws of Kansas [of 1879], or so much of it as applies to this case, is in contravention of article 2, § 16, of the constitution of the state of Kansas, wherein it is provided, that 'No bill shall contain more than one subject, which shall be clearly expressed in its title.' . . .

"Said chapter 13, so far as it affects the case, is as follows, to wit: 'That no state or county officers, or their deputies,

shall be taken as surety on the bond of any administrator, executor, or other officer, from whom by law bond is or may be required; and no practicing attorney shall be taken on any official bond, or bond in any legal proceedings as aforesaid, in the district in which he may reside.'

"The argument of counsel for defendant in error was that the title to said chapter, to wit, 'An act prescribing the qualification of sureties on official bonds,' limited the nature of the legislation to that class of bonds. That a bond for costs was not an official bond, and that the part of said chapter 13 following, to wit, 'or bond in any legal proceeding as aforesaid,' is unconstitutional, because not embraced in the title."

It would seem that counsel for defendant in error claim that a cost bond is not an official bond, and therefore that an attorney at law may be surety on a cost bond; while counsel for plaintiffs in error claims just the reverse. If a cost bond is not an official bond, then it must be held that said chapter 13 cannot apply to cost bonds, and that a portion of such chapter is unconstitutional and void, and that the decision of the court below is correct; but if a cost bond is an official bond, then said chapter does apply to cost bonds, and the decision of the court below is erroneous. It will therefore be seen that if this court decides the question which counsel for plaintiffs in error desires us to decide, this court must either reverse the decision of the district court, or hold that a portion of said chapter 13 of the Compiled Laws of 1879 is unconstitutional and void. Now neither of these things should be done unless the question is actually presented to this court by the record of the case, and so presented that this court cannot well avoid a decision of the question. It is a general rule that an appellate court will not reverse the decision of a trial court upon a question which is not fairly presented to the appellate court; and also, as a general rule, no court will ever hold an act of the legislature unconstitutional and void unless the question of its constitutionality is clearly presented by the record for decision. An appellate court can properly decide such questions only as are legally presented to it. Now we do not think that either of the

foregoing questions is legally presented to this court, and we do not think that this court has any jurisdiction to determine the same; and this for the reason that we do not think that the decision of the court below refusing to quash the summons, or set it aside, is reviewable in this court while the action is still pending in the court below, undisposed of. Such a decision of the court below is not a judgment, nor a final order, nor is it any other order reviewable by the supreme court under the statutes of Kansas. (Civil Code, §§ 542, 543.)   It is simply an intermediate order.

It is admitted that everything in the case was regular, except that the sureties on the cost bond were attorneys at law. No question is raised with regard to the regularity or sufficiency of the petition, the precipe, the summons, or the service thereof, independent of the cost bond.   Hence we think the court below had ample jurisdiction of the case.   It had jurisdiction of the subject-matter of the action, and it had jurisdiction of the parties to the suit, and had the power to hear and determine the case and render a valid judgment in the case; and all this, whether an attorney at law may become surety on a cost bond, or not.   Even if it should be held that an attorney at law cannot rightfully become a surety on a cost bond, the fact that there was no surety on the cost bond in the present case, except an attorney at law, would not deprive the court of its jurisdiction; and if a judgment should be rendered against the plaintiff for costs, the cost bond would not be held void in an action against the surety for the costs, but would be held valid. (*Sherman v. The People*, 4 Kas. 570.)

We think we have no jurisdiction to hear and determine this case, and therefore it will be dismissed.

BREWER, J., concurring.

HORTON, C. J.: I concur in the decision rendered; but desire to add, that when the case of *Cook v. Caraway*, 29 Kas. 41, was before us, the question above decided was not suggested or considered.