| 32 | 321 |
| 42 | 657 |

| 32 | 321 |
| 43 | 704 |

| 32 | 321 |
| 58 | 327 |

| 32 | 321 |
| 65 | 481 |

## ELIZABETH BENTZ, *et al.*, v. G. T. EUBANKS.

SUMMONS, *Improvidently Issued; Appearance Not Voluntary.* Where a party employs an attorney and pays him a fee to attend to depositions, the notice of taking of which has been served upon him, and the attorney, in pursuance of such employment, attends at the time of the taking of the depositions, and represents the party employing him, and such depositions are not taken before the judge or clerk of the court where the case is pending, *held*, that this is not a voluntary appearance by the party to the merits of the controversy, or any other appearance recognizing the general jurisdiction of the court in which the case is pending, and the appearance at the taking of depositions does not cure the irregularities of a summons improvidently issued.

21 — 32 KAS.

*Error from Jackson District Court.*

THE opinion sufficiently states the nature of the action, and the facts.    Trial and judgment for the plaintiff *Eubanks*, at the March Term, 1883, of the district court.    The heirs at law of the defendant, A. W. Bentz, bring the case to this court.

*I. T. Price, J. H. Keller*, and *Hayden & Hayden*, for plaintiffs in error.

*Lowell & Walker*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On October 7, 1882, the defendant in error, plaintiff below, filed his petition against the plaintiff in error, defendant below, to recover $1,000 for breach of an alleged contract for the sale of real estate.    On the same day, the clerk of the court issued a summons directed to the sheriff of Jackson county.    The summons was returned on October 16, 1882, with the indorsement thereon that the defendant could not be found in the county.    At the time of the issuance of the summons, plaintiff filed his precipe and affidavit for attachment. The order of attachment issued, and the land described in the petition was attached as the property of the defendant.    On October 20, 1882, the plaintiff filed with the clerk of the court an affidavit showing that service of a summons could not be made within the state on the defendant, and setting forth that the case was one of those mentioned in § 72 of the code. Thereon a summons was issued by the clerk, directed to the defendant, under the provisions of § 1, ch. 113, Laws of 1871. This was served on the defendant on October 23, 1882, in Cumberland county, state of Pennsylvania, and service thereof ·proved by the affidavit of the sheriff of Cumberland county. On December 23, 1882, the defendant made a special appearance, and filed his motion to set aside the summons and order of attachment issued in the case.    On January 5, 1883, the plaintiff amended his petition, asking, however, for damages only.    On March 20, 1883, the defendant's motion to set aside

the service was heard and overruled, and the cause set for hearing on March 29, 1883. On March 22, 1883, the defendant, with leave of the court, filed an answer. On March 29, 1883, it being the same day on which the case was called for trial, plaintiff obtained leave to add by interlineation in the prayer of his petition: "That the parties be adjudged and ordered to mutually carry out the terms of the agreement set out in the petition." The defendant then asked leave of the court to file an answer to the amended petition, which was verified by the attorney of the defendant. The court refused to permit the answer to be filed, and against the objection and protest of the defendant the trial of the case was proceeded with. Thereafter, judgment was rendered in the action, decreeing that plaintiff was entitled to a specific execution of the contract for the sale of the land described in the petition.

The question presented is, whether the district court erred in overruling the motion to quash and set aside the summons? The petition filed was signed by Lowell & Walker, as attorneys for plaintiff. They signed the bond for costs, and it is conceded that they were practicing attorneys in the district where the petition and bond were filed. We held in *Cook v. Caraway*, 29 Kas. 41, that where the clerk of a district court issues a summons in a civil action upon a bond filed for costs, on which a practicing attorney, residing in the district where the action is commenced, is the only surety, the summons is improvidently issued, and it may be quashed and set aside on a motion filed by the defendant for that purpose. The correctness of this rule is not disputed; but it is urged that as one I. T. Price had, on December 5, 1882, been employed by the defendant as an attorney in the case, and was concerned in the matter of taking depositions, and as the defendant, by his attorney, appeared at the taking of depositions on December 20, 1882, the motion was properly overruled.

It is a principle of law that where a party voluntarily appears to the merits of any controversy, or makes any other appearance to an action pending in court which recognizes the general jurisdiction of the court, he thereby waives all irreg-

ularities which may have intervened in getting him into court. (*Branner v. Chapman*, 11 Kas. 118; *Carver v. Shelly*, 17 id. 472; *Bury v. Conklin*, 23 id. 460.)

We do not think, however, the employment of an attorney by a party, and the appearance of that attorney for such party to the taking of depositions on behalf of plaintiff, is a voluntary appearance of the party to an action pending against him. Such an appearance is more or less involuntary. If a party fails to appear at the taking of depositions, he does so at his own peril. Where the service is defective, or the summons has been improvidently issued, the motion to quash and set aside the service cannot be heard and disposed of until court convenes; and oftentimes, as in this case, depositions are taken before the issues are made up and before the defendant has an opportunity to present his motion to set aside the pretended service made upon him. In this case, depositions were taken on December 20, 1882. They were not taken before the district court, where the action was pending, nor before the judge or clerk thereof. The district court convenes in Jackson county on the third Tuesday of March, the first Tuesday of June, and the second Tuesday of November of each year. The motion to set aside the service was made on December 23, 1882, before any answer had been filed and before any appearance of the defendant in court. This motion was called up at the March term of the court, the first opportunity he had of presenting it, and should have been sustained. (*Cook v. Caraway*, 29 Kas. 41.) In view of the special appearance to set aside the service, and the objections and exceptions taken to the ruling of the court, the subsequent proceedings did not cure the irregularities attending the issuance of the summons in the case. Under the conclusion obtained, service must be had upon the defendant before further proceedings can take place; and therefore it is unnecessary to pass upon the other questions presented in the briefs.

The judgment of the district court will be reversed, and the cause remanded.

Hurd, J., concurring.

VALENTINE, J.: I concur in the syllabus of this case, and I believe I concur in the opinion; and if § 1, ch. 13, of the Compiled Laws of Kansas of 1879, so far as it relates to bonds for costs, can be held to be constitutional and valid, I would concur in a decision in favor of the plaintiff in error, that he was not properly brought into court, even if every question which might be raised in the case were raised and decided. There has, however, been no claim made in this case that said § 1, ch. 13, of the Compiled Laws of 1879, so far as it relates to cost bonds, is unconstitutional, or void. Such a claim was .once made in this court, but the question has never been decided. (*Potter v. Payne,* 31 Kas. 218, *et seq.*) I do not now wish to ,express any opinion with regard to the constitutionality or unconstitutionality, or the validity or invalidity, of any portion of said § 1, ch. 13, of the Compiled Laws of 1879.