F. A. NORTON *et al.* v. THE STATE OF KANSAS.

BAIL—*Forfeiture of Recognizance—Judgment.* A judgment upon a for-
feited recognizance will be approved, when it appears that it was
given for the appearance of a person charged with a crime, that he
was legally in custody, that he was released because the recognizance
was given, that he failed to appear at the district court of Reno
county, and that it was duly forfeited, although the court was not
named therein specifically, when it appears that it was headed
"State of Kansas, Reno county," and was conditioned that defend-
ant appear before "said district court" at a day named, when it fur-
ther appears that defendant was committed to jail on a *mittimus*
from Reno county, and that the recognizance was duly filed in the
office of the clerk of the district court of said county.

*Error from Reno District Court.*

THE opinion states the case. Judgment for *The State,* at
the January term, 1886. The defendants, *Norton* and three
others, bring the case to this court.

*J. W. Ady,* for plaintiffs in error.

*R. A. Campbell,* county attorney, for The State.

Opinion by HOLT, C.: This is an action on a forfeited re-
cognizance. Judgment was rendered for the state for $1,526.70.
Defendants are plaintiffs in error. There is but a single ques-
tion in this case, and that is whether the recognizance entered
into by defendants, aided by the averments of the petition, is
sufficient to sustain the judgment. It is as follows:

"STATE OF KANSAS, RENO COUNTY, ss.: Be it remem-
bered, that on the 10th day of September, in the year 1885,
Frank Norton, M. S. Burdick and W. S. Clark personally
appeared before G. W. French, a justice of the peace in and
for the county aforesaid, and jointly and severally acknowl-
edged themselves to owe the state of Kansas the sum of fif-
teen hundred dollars, to be levied on their goods and chattels,
lands and tenements, if default be made in the condition fol-
lowing, to wit:

"The condition of this recognizance is such that if the above-
bound Frank Norton shall personally be and appear before the

said district court on the fifth day of October, 1885, at 9 A. M., and then and there to answer to the charge of unlawfully and feloniously defiling one Tamar Allison, a female under 18 years of age, by carnally knowing her while confided to his care and protection by her mother, and abide the judgment of the court and not depart without leave, then this recognizance shall be void; otherwise, it shall remain in full force and virtue in law."

It was acknowledged and approved by J. F. Wafer, sheriff of Harvey county, and the sureties justified before Geo. W. French, a justice of the peace of Reno county. The petition states that the plaintiff was legally in custody charged with a public offense; that he was discharged therefrom by reason of giving this recognizance; that the sureties undertook that he should appear before the court; that he failed to appear, and that the recognizance was forfeited.

The defendants contend that there was no court named before which they were to appear; that the recital in the recognizance that "Frank A. Norton shall personally be and appear before the said district court" is not a sufficient designation of any court. The petition is not very full in its allegations, but from it we learn that Norton, one of the defendants in this action, was the defendant in the criminal action of The State of Kansas v. Frank A. Norton, and was held by J. F. Wafer, sheriff of Harvey county, under a *mittimus* from Reno county. We infer from this, that the offense for which he was bound over was committed in Reno county, and triable in the district court of said county. The heading of the recognizance was, "State of Kansas, Reno county, *ss*." In the body thereof it is stipulated that Norton was "to appear before the said district court on the 5th day of October, 1885, at 9 A. M.". The word "said" in this clause does not refer to any court that had been named therein; it must therefore be treated as redundant; with that word omitted, it would then provide that he was to appear before "the district court." It is not in so many words specified what court was intended; but when we notice that the caption names Reno county, we might infer, fairly, that the district court was the one to be holden in that county.

We are supported in this inference by the averments of the petition, which are that Norton was held by the sheriff of Harvey county, under a *mittimus* from Reno county; and also that this recognizance was filed in his office by the clerk of the district court of said county, as the "recognizance of Frank A. Norton, defendant." Of course the only authority of the clerk to file it was, because it was the court at which he was to appear. We think the judgment is correct, coming within the very liberal provisions of § 154, chapter 82, Compiled Laws of 1885:

"No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody, charged with a public offense; that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained, from the recognizance, that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense."

In the petition it is averred, and it appears from the recognizance, that the defendant was in custody legally; that he was charged with a crime; that he was discharged by reason of giving this recognizance; that those who signed as sureties undertook that he should appear at the district court of Reno county. Probably no one was misled by the omission in the recognizance.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.