FRED LEIS V. THE STATE OF KANSAS.

No. 13,946.　(80 Pac. 949.)

SYLLABUS BY THE COURT.

BOND FOR APPEARANCE—*Need Not Show Jurisdiction of Magistrate.* A recognizance for the appearance of the defendant, given upon the adjournment of a preliminary examination before a justice of the peace upon a charge of felony, is not rendered void by an omission to show upon its face of what township, county and state the justice is a magistrate.

Error from Saline district court; ROLLIN R. REES, judge. Opinion filed May 6, 1905. Affirmed.

*R. A. Lovitt,* for plaintiff in error.

*C. W. Burch,* for The State.

The opinion of the court was delivered by

MASON, J.: Fred Leis prosecutes error from a judgment rendered against him on account of the forfeiture of a recognizance executed by him, reading as follows:

"STATE OF KANSAS, SALINE COUNTY, SS.

"Know all men by these presents, that we, the undersigned, are held and firmly bound unto the state of Kansas in the sum of one thousand dollars.

"The condition of this obligation is that Bruce Gentry do appear at the office of John W. Titus, a justice of the peace, on the 24th day of July, 1902, at ten o'clock A. M., to be examined on the charge of stealing, taking away twelve head of neat cattle, the property of one William Toll, and remaining until leave be granted to go.

"Now, therefore, if all these things are fully done and performed, then the above obligation to be void; otherwise it shall remain in full force and effect.

FRED LEIS.

"Taken and approved by me, this 19th day of July, A. D. 1902.　　　　JOHN W. TITUS,

*Justice of the Peace.*"

The assignments of error all relate to the form of the recognizance, the claim of plaintiff in error being that it was void upon its face, for three reasons: (1) Because, as it did not show of what township John W. Titus was a justice of the peace, his jurisdiction to take it was not apparent; (2) because, by reason of the same omission, it did not sufficiently designate the place at which Gentry was required to appear; (3) because its conditions did not conform to the statute.

In support of the first contention it is argued that as a justice of the peace is an officer of inferior and special powers, in aid of whose jurisdiction no presumptions are indulged, a bond taken by him, to be effective, must upon its face show that he had authority to act. It has been suggested by Mr. Bishop that when a justice of the peace sits as an examining magistrate his acts should be treated as those of a court of general jurisdiction, inasmuch as his powers are then no less than those of the highest judge that is authorized to act in that capacity, except that they must be exercised within narrower territorial limits. (1 Bish. Crim. Proc. §§ 228, 236.) This view has been adopted in Alabama. (*Boynton v. The State,* 77 Ala. 29.) Moreover, it is generally held that a recognizance need not state the special facts that give jurisdiction in the particular case, if it be conditioned for the doing of an act for the performance of which the officer taking it is authorized to require bail. (3 Encyc. Pl. & Pr. 217, 218; *State v. Randolph,* 22 Mo. 474; *State Treasurer v. Bishop,* 39 Vt. 353.) But it is not necessary to determine the effect of these considerations upon the present case, which is controlled by section 154 of the criminal code (Gen. Stat. 1901, § 5596), reading as follows:

"No action upon a recognizance shall be defeated, nor shall judgment thereon be arrested, on account of any defect of form, omission of recital, condition of

Leis v. The State.

undertaking therein, neglect of the clerk or magistrate to note or record the default of any principal or surety at the term or time when such default shall happen, or of any other irregularity, so that it be made to appear that the defendant was legally in custody charged with a public offense, that he was discharged therefrom by reason of the giving of the recognizance, and that it can be ascertained from the recognizance that the sureties undertook that the defendant should appear before a court or magistrate for examination or trial for such offense."

Under this statute it was not necessary that the recognizance should show that the justice had jurisdiction to act. This, with other matters essential to his jurisdiction, could be otherwise shown. It was abundantly made to appear from the evidence that Gentry "was legally in custody charged with a public offense," and "that he was discharged therefrom by reason of the giving of the recognizance." This involved a showing of the authority of the justice. It was only necessary, then, that the recognizance should contain the penalty and the condition—that is, that it should show that Leis undertook that Gentry should appear before a court or magistrate for examination or trial upon the offense charged. (*McLaughlin v. The State,* 10 Kan. 581.)

The undertaking was that he should appear at the office of the justice of the peace named, but it was not expressly stated in what township, county or state such office was located. Whether this was a substantial compliance with the statute is practically the question involved in the second contention of plaintiff in error.

While the recognizance did not recite in so many words that Titus was a justice of the peace of Saline county, this fact was sufficiently implied by the expression in the margin indicating the venue, viz., "State of Kansas, Saline county, ss." A somewhat similar inference was held justifiable in *Norton v.*

*The State,* 40 Kan. 670, 20 Pac. 462. As the jurisdiction of the justice of the peace in some respects extends throughout the county he is in a sense to be regarded as a magistrate of the county, and the designation of his township upon the face of the recognizance was not essential to a definite indication of the officer before whom, or of the place where, the defendant was required to appear. No designation of a township is required in the form of warrant prescribed by section 37 of the criminal code (Gen. Stat. 1901, §5477). The state, county and township of which the justice was an officer, as well as the precise location of his office, were specifically shown by the other portions of his records relating to the case, and these may be referred to in order to clear up any obscurities upon the face of the recognizance. (*Tillson v. The State,* 29 Kan. 452.) It is true that in *Sherman v. The State,* 4 Kan. 570, it was said that a recognizance should be strictly construed, and a misdescription of the court to which it is made returnable was there held to be fatal. That case, however, was decided before the provision of the criminal code above quoted was molded into its present form, in the revision of 1868.

The specific complaints made under the third contention are that the recognizance was conditioned for the appearance of the defendant to be "examined" upon the charge, instead of to answer to it, and that the condition that he should remain "until leave be granted to go". was too indefinite. The language of the statute, however, is that the defendant shall give bail for his appearance for "examination" (Crim. Code, §45; Gen. Stat. 1901, §5485), and as in this case he failed to appear at all it is of little consequence how his further obligation was expressed.

The judgment is affirmed.

All the Justices concurring.