# Patrick Kearney, Appellant, *v.* Central Railroad Co. of New Jersey.

*Railroads—Injury caused by construction of road—Lease—Negligence.*

Where injury to land is caused by the original construction of a railroad bridge, and not by the operation of the railroad over it, a company which leased the bridge after its completion, and operated the road, is not liable for the injury.

Argued March 1, 1895. Appeal, No. 229, Jan. T., 1895, by plaintiff, from judgment of C. P. Lackawanna Co., Sept. T., 1891, No. 407, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Trespass for injuries to land. Before EDWARDS, J.
At the trial it appeared that plaintiff's land was injured by

water thrown upon it from the Lackawanna river by reason of the defective construction of a railroad bridge. It appeared that the bridge in question was built by the Wilkes-Barre & Scranton Railway Company, and that after it had been fully completed and constructed it had been leased to the defendant, the Central Railroad Company of New Jersey. There was no evidence to show that the injury to plaintiff's land was in any way connected with the operation of defendant's railroad over the bridge. The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned,* among others, was (4) in discharging rule to take off nonsuit.

*Aaron A. Chase,* for appellant.—The question of constructive notice to defendant, the Central Railroad Company of New Jersey, to remove the obstructions from the river, should have been submitted to the jury: Jones v. Bland, 9 Atl. 275; Bradford City v. Downs, 126 Pa. 627; Springer v. City, 12 Atl. 491; Chilton v. Carbondale, 160 Pa. 463; Barnes v. McClinton, 3 P. & W. 67; Weeks v. Haas, 3 W. & S. 525; R. R. v. Hambleton, 40 Ohio, 496; 14 Am. & Eng. R. Cas. 126; Willitts v. Chicago B. & K. C. Ry., 55 N. W. 313; Brown v. Cayuga & Susq. Ry., 12 N. Y. 486; Clark v. Dyer, 81 Texas, 339; Preston v. Eastern Counties Ry., 30 Law Times, 288; Pierce on Railroads, p. 283.

*Edward N. Willard, Everett Warren* and *Henry A. Knapp* with him, for appellee.—The lessee was not liable: Taylor on Landlord and Tenant, vol. 1, p. 193; Knauss v. Brua, 107 Pa. 88; Somers's App., 6 W. N. C. 441; Fow v. Roberts, 108 Pa. 489; Todd v. Flight, 9 C. B. (N. S.) 390; Johnson v. Lewis, 13 Conn. 303; Woodman v. Tufts, 9 N. H. 88.

PER CURIAM, April 8, 1895:

It is very clear that the injury complained of by plaintiff did not result from the operation of the road by the defendant who was merely the lessee thereof. If he sustained any actionable injury it must have resulted from the construction of the bridge, etc., and not from the operation of the railroad merely. The

bridge was not built by defendant company, but by another railroad company. The learned trial judge rightly held that there could be no recovery against the defendant.

There is nothing in either of the specifications that calls for discussion. They are all dismissed and the judgment is affirmed.