H. M. BROOK *et al.* v. THE CITY OF BLUE MOUND.

No. 11,330. ( 59 Pac. 273.)

CONSTITUTIONAL LAW—*Interpretation of Statute—Vacations in Cities.* The title of chapter 267, Laws of 1897 (Gen. Stat. 1897, ch. 41; Gen. Stat. 1899, §§ 7538–7545), is "An act providing for the vacation of streets, alleys, public reservations, and the changing of corporate boundaries of cities thereby, and repealing chapter 115*a*, General Statutes of 1889." The word "thereby" in the title is meaningless. Its use was a legislative inadvertence, and, hence, it is to be eliminated by construction. Eliminating it, the title is clearly expressive of a single subject, and the act therefore not repugnant to section 16, article 2, of the constitution.

Error from Linn district court ; WALTER L. SIMONS, judge.   Opinion filed December 9, 1899.   Reversed.

*Snoddy & Snoddy*, for plaintiffs in error.
*John C. Cannon*, for defendant in error.

The opinion of the court was delivered by

DOSTER, C. J.:   Chapter 267, Laws of 1897 (Gen. Stat. 1897, ch. 41; Gen. Stat. 1899, §§ 7538–7545), authorizes district courts to vacate streets, alleys and other public reservations in cities, and to change the corporate boundaries of cities by the exclusion of un-platted farm lands therefrom.   The title of the act reads as follows :  " An act providing for the vacation of streets, alleys, public reservations, and the chang-ing of corporate boundaries of cities thereby, and re-pealing chapter 115a, General Statutes of 1889."

The plaintiffs in error were the owners of unplatted farm land in the city of Blue Mound, and they peti-tioned the district court to change the corporate bound-aries of the city by excluding their land therefrom. The prayer of their petition was denied, not because of their failure fully to make out a case entitling them to the statutory relief, but because, in the judgment of the court below, the subject of the exclusion of farm lands from city boundaries was not expressed in the title of the act in question, and that such act, in respect to such lands, was therefore repugnant to section 16, article 2, of the constitution, which ordains that the subject of an act shall be clearly expressed in its title.   The claim is that the use in the above-quoted title of the adverb "thereby" limits the changes of corporate boundaries to such as can be effected by the vacation of streets, alleys, and public

reservations. In the view of the defendant in error, the transposition of the adverb as made in the following quotation expresses the meaning of the title, and makes it inclusive of that single subject which the constitution alone allows to it: "An act providing for the vacation of streets, alleys, public reservations, and *thereby* changing the corporate boundaries of cities."

If the corporate boundaries of cities could be changed by the mere vacation of their streets, alleys, and public reservations, there would be much merit in this contention, but the effect of the vacation of streets, alleys, etc., is not to change corporate boundaries. The act in question does not, in terms, give to the vacation of city streets, alleys, etc., the effect of changing corporate boundaries, nor do we know of any other statute which does give such effect to such vacation. Indeed, a statute which would give to the vacation of city streets the effect of excluding the vacated land from the city boundaries, leaving the adjoining lots and other grounds still within the city, and subject to the jurisdiction of its authorities, would bring on a most anomalous and confusing state of affairs. By no statute, and certainly by no rule of the common law, does the vacation of city streets work their exclusion from the city boundaries, but, nevertheless, the wording of the title of the act in question does seem to imply an effect of that kind.

The adverb "thereby," if possessing any meaning, and if allowed as expressive of a constituent portion of the title, certainly limits the changes of corporate boundaries to such as can be effected through the vacation of streets, alleys, and public reservations. The fact is, however, that it has no meaning as there used. It can be given no meaning. As the law now stands,

city boundaries are not changed by the vacation of streets and alleys. No such change is " thereby " produced, either by the act under consideration or by any other act. The word in question is meaningless. Its use by the legislature was an inadvertence. This being the case, we are entitled to disregard it and to read the title to the act as though it had not been used. The effort of a court should be to give a sensible and consistent meaning to all the words of a statute, but the rule is unquestioned that if such cannot be done, meaningless words and phrases may be eliminated by construction, and likewise omitted words necessary to give meaning to statutes may be supplied by construction. The latter was done in *Landrum v. Flannigan*, 60 Kan. 436, 56 Pac. 753. In that case it was declared :

" If necessary to give effect to the evident intent of a legislative enactment, its language may be completed by reading into it such inadvertently omitted words as may be requisite to express its obvious sense."

In that case it was contended as an alternative proposition that it was allowable to the court to arrive at the sense of a statute by the elimination of some of its words. It was admitted in the opinion that such could be done, " but only . . . as to words which are wholly meaningless, or which, being contradictory of the evident intent of the legislature, are therefore rejected by the inherent sense of the whole act." It was thought in that case that the words which the court was asked to expunge, as it were, from the statute were not wholly meaningless, and, therefore, that the safer rule was to supply those which had been inadvertently omitted. The rule, however, was admitted in that case, and is now declared in

this, that, for the purpose of arriving at the sense of a statute, words in it which are obviously without meaning, and to retain which would nullify it by rendering it wholly meaningless, will be regarded as inadvertently used by the legislature, and will be eliminated from it by construction. (Endlich, Interp. Stat. §§ 301, 302.) We therefore disregard the use of the word " thereby " in the title of the act in question. The title thereupon becomes intelligible and plainly expressive of the single subject contained in the body of the act.

The court below having ruled otherwise, its judgment is reversed, with directions to proceed in accordance with this opinion.