# OPINIONS PER CURIAM.

WALTER DARLINGTON v. THE BOARD OF COUNTY COM-
MISSIONERS OF THE COUNTY OF CLOUD *et al.*

No. 14,807    (88 Pac. 529.)

1. SURFACE-WATER—*Obstruction of Flow Over a Highway.* The
rule that an owner may obstruct the flow of surface-water
upon his land applied.

2. JUDGMENTS—*Default.* In a suit to enjoin the county com-
missioners from building a road which operated to hold sur-
face-water upon plaintiff's land the contractors were joined
as defendants, but did not appear. It was said a judgment
by default could not be taken against them, the evidence not
establishing a *prima facie* case for plaintiff.

Error from Cloud district court; WILLIAM T. DIL-
LON, judge. Opinion filed January 5, 1907. Affirmed.

*Homer Kennett,* for plaintiff in error.

*Fred W. Sturges, jr.,* county attorney, *Theodore
Laing,* city attorney, and *Hazen & Gaw,* for defendants
in error.

*Per Curiam:* This was a suit to enjoin the making
of an embankment for use as a highway along the side
of plaintiff's land. The embankment operated to hold
back upon plaintiff's land water which overflowed the
banks of the Republican river in periods of high water,
and necessarily injured his farm. His testimony
showed that this overflow was no more than surface-
water, against which an owner affected may protect
himself, and therefore the court rightly sustained a
demurrer to his evidence. The case falls fairly within
the rule of *Mo. Pac. Rly. Co.* v. *Keys,* 55 Kan. 205, 40
Pac. 275, 49 Am. St. Rep. 249, and *Singleton* v. *Rail-
way Co.,* 67 Kan. 284, 72 Pac. 786.

It is also clear that the strip of land upon which the embankment was built must be regarded as a highway, and that the public authorities had the right to use and improve it.

The contractors who were building the road, and who were made defendants, did not answer or defend, and plaintiff insists that he was at least entitled to judgment against them by default. In a case of this kind judgment cannot be taken by default, nor unless a *prima facie* case is made against them by proof offered. This was not done.

While the special findings made by the court after sustaining a demurrer to plaintiff's evidence are superfluous, they are not antagonistic to the ruling on the demurrer, and may be regarded as stating the reasons for upholding the demurrer to the evidence.

The judgment is affirmed.