### THE CITY OF PAOLA v. WILLIAM Z. GARMAN *et ux.*
#### No. 16,098.

WATERCOURSE—*Findings.* The findings of fact held to show the non-existence of a watercourse.

Error from Miami district court; S. D. SCOTT, judge *pro tem.* Opinion filed July 3, 1909. Affirmed.

*B. T. Riley,* for the plaintiff in error.

*Lane & Lane,* and *S. J. Shively,* for the defendants. in error.

*Per Curiam:* The city of Paola brought suit to enjoin the obstruction of an alleged natural watercourse. The defendants own and occupy as their residence three lots in the city of Paola, through which the city claims. there is a natural watercourse. It also claims that the defendants have wrongfully obstructed the same, thereby diverting the water from its usual channel. and causing it to accumulate in one of the streets. The court made findings of fact and conclusions of law, and denied the injunction. Judgment was rendered in favor of the defendants for costs. The plaintiff complains, and has brought the cause here upon the findings, without evidence, contending that the findings as a whole. entitle it to a judgment. The court, however, made two.

Paola v. Garman.

findings which seem to conclude the plaintiff. They are as follow:

"(11) The water which flows along the depression or in the ditch through defendants' lots is wholly surface-water at this time."

"(22) That the depression or ditch mentioned and described in these findings, over and through which water flows after a rain or from melting snows, where it crosses the lots of the defendants, is not a natural watercourse."

From these facts it necessarily followed that the defendants were entitled to judgment, since the owner of land may prevent surface-water from coming on his premises. (*Palmer v. Waddell*, 22 Kan. 352; *A. T. & S. F. Rld. Co. v. Hammer*, 22 Kan. 763; *Gibbs v. Williams*, 25 Kan. 214; *K. C. & E. Rld. Co. v. Riley*, 33 Kan. 374.)

The plaintiff, however, contends that other findings show conclusively that the waterway in question is a natural watercourse. The court made very full and complete findings, but we have been unable to discover any which is not in harmony with those we have quoted, to the effect that the water complained of is surface-water and that the ditch or depression is not a natural watercourse.

It is also claimed that the court erred in denying plaintiff's motion to change or modify certain findings of fact and in refusing to make other findings. As none of the evidence is before us these claims of error can not be considered. The judgment is affirmed.