THE STATE OF KANSAS, ex rel. FRANK T. KNITTLE, as County Attorney, etc., *Appellant,* v. SAMUEL ZERBE, *Appellee.*

No. 17,289.

### SYLLABUS BY THE COURT.

SURFACE WATERS — *Embankments* — *Flooding Public Highway.* Where the law permits one to maintain upon his own premises an embankment to prevent storm waters from flowing upon his land from that of another, while following the natural drainage, but not running in a watercourse, his right is the same with respect to surface water from a public highway.

The State, *ex rel.*, v. Zerbe.

Appeal from Saline district court. Opinion filed June 8, 1912. Affirmed.

*Frank T. Knittle,* county attorney, and *Thomas L. Bond,* for the appellant.

*David Ritchie,* for the appellee.

The opinion of the court was delivered by

MASON, J.: Action was brought by the state upon the relation of the county attorney to enjoin Samuel Zerbe from maintaining upon his land an embankment which caused storm water to accumulate upon a county road. Judgment was rendered for the defendant and the plaintiff appeals.

The state contended that the embankment operated as an obstruction to a natural watercourse. The existence of a watercourse was a question of fact, the plaintiff having the burden of proof. No special findings were made. The decision of the trial court is therefore final unless in any view of the credibility of the witnesses and the inferences to be drawn from the established facts the state's contention was conclusively established. We do not think this can be said to be the case, and the defendant must be regarded as having merely kept the surface water from flowing upon his land.

The state further maintains that although under the law, as it existed when the case was tried, the defendant had a right to maintain a dike to keep surface water from his land, he had no right by that means to cause the water to flood the public highway, because of the statute prohibiting the willful obstruction of a road "by any means or in any manner whatever." (Gen. Stat. 1909, § 7290.) The right to construct a milldam, acquired by condemnation under the statute, is held not to include the right to cause the flooding of a highway. (*Venard v. Cross,* 8 Kan. 248; *The State v. Raypholtz,* 32 Kan. 450, 4 Pac. 851.) This is because one proceed-

ing under that statute takes nothing by implication, and the statute gives him no right to flood a highway, the public purpose of which is paramount to the quasi-public purpose of a mill. Prior to the legislation of 1911, a landowner in this state was permitted to maintain upon his own premises an embankment to prevent storm waters from flowing upon his land from that of another, while following the natural drainage but not running in a natural watercourse, although in many states the common law is interpreted otherwise. (3 Farnham, Waters and Water Rights, § 889c; Note, 22 L. R. A., n. s., 789, 794.) Where that rule is in force the right of the adjoining owner is the same with respect to surface water from a public highway. (30 A. & E. Encycl. of L. 332; Note, 65 L. R. A. 279; *Paola v. Garman,* 80 Kan. 702, 103 Pac. 83.) "The ordinary rules governing surface water apply in favor of a private owner in dealing with land abutting on a street." (2 Farnham, Waters and Water Rights, § 193a.)

The statute (Gen. Stat. 1909, § 7285, replaced by Laws 1911, ch. 248, § 11) authorized the highway officers to cut a ditch through the embankment for the purpose of relieving the highway from the accumulation of surface water, and the state could have enjoined his interference with a ditch so cut (*The State v. Nye,* 85 Kan. 559, 117 Pac. 1014) ; but since that method was not pursued, it can not be said that the court erred in refusing the injunction.

The former rule as to the right of each landowner to protect himself against surface water has been changed by statute since the judgment was rendered in this case. (Laws 1911, ch. 175.) But the decision having been rightful when rendered, ought not to be reversed because of a subsequent change in the law.

The judgment is affirmed.