Reese v. Hammond.

No. 19,278.

JOHN A. REESE, *Appellant*, v. F. B. HAMMOND et al.,
*Appellees.*

SYLLABUS BY THE COURT.

HIGH SCHOOLS—*May Be Established in Certain Townships—
Statutes.* Under chapter 262 of the Laws of 1911 and chap-
ter 278 of the Laws of 1913, a township having no cities of
over three hundred population may establish, locate and
maintain a township high school.

Appeal from Dickinson district court; ROSWELL L.
KING, judge. Opinion filed March 6, 1915. Affirmed.

*G. W. Hurd,* and *Bruce C. Hurd,* both of Abilene, for
the appellant.

*C. E. Rugh,* of Abilene, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The appellant is a resident taxpayer
of Flora township, Dickinson county, Kansas. He
brought suit in the district court against the appellees,
who are the township board and township high-school
board, to restrain them from establishing a township
high school under chapter 278 of the Laws of 1913.

The city of Manchester, which contains about two
hundred and fifty people, is located in Flora township,
and appellant contends that the appellees have no
power to establish a high school in that township un-
der the act named above.

A demurrer to the petition was sustained and the
case is here for review.

The sole question relates to the proper construction
of the first section of chapter 262 of the Laws of 1911
and chapter 278 of the Laws of 1913. The first of
these acts is entitled "An act relating to township high
schools."

Section 1 of that act reads:

"The legal electors of any township in which there

is no town or city in the state are hereby authorized, as provided for in this act, to establish, locate and maintain a high school in such township."

It will be observed that in the original statute a township high school was only authorized in townships in which there was no town or city. We may properly assume that in this enactment the legislature was proceeding in good faith to comply with the constitutional mandate imposed upon it to encourage education. (Const. art. 6, § 2.) Until that act was adopted no adequate means for secondary education was provided in townships which did not contain cities. Hence the act of 1911.

But the act of 1911 did not entirely cover this need. If a township contained a city of considerable population, such city would probably have a high school which the children of the township might attend under various statutory regulations. If the township contained only a very small city, one which could not afford the burden of a high school, the children of the township were denied the privileges of secondary education; and in the further pursuit of its constitutional duty, the legislature of 1913 amended the first section of the act of 1911 to make it read:

"That section 1 of chapter 262 of the Session Laws of 1911, be and the same is hereby amended so as to read as follows: Section 1. The legal electors of any township in which there is no incorporated city of not to exceed 300 population, in the state, are hereby authorized, as provided for in this act, to establish, locate and maintain a high school in such township." (Laws 1913, ch. 278, § 1.)

There is some awkardness of expression in this statute, but when read in the light of the act of 1911, of which this act is amendatory, its difficulties disappear. We are bound to hold that the legislature was dealing seriously with this subject, and that it was enacting a wholesome and desirable provision for the en-

Reese v. Hammond.

couragement of schools of the higher grade, and to fill a gap in the state's educational system.

Sutherland on Statutory Construction, § 260 (2 Lewis' Sutherland Statutory Construction, 2d ed., § 410), furnishes the proper rule to apply here. In part it reads:

"Legislative enactments are not any more than any other writings to be defeated on account of mistakes, errors or omissions, provided the intention of the legislature can be collected from the whole statute. . . . Where one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied. This is but making the strict letter of the statute yield to the obvious intent. So words which are meaningless or inconsistent with the intention otherwise plainly expressed in an act have sometimes been rejected as redundant or surplusage."

Citing many authorities, including *Brook v. Blue Mound,* 61 Kan. 184, 59 Pac. 273.

Fairly considered, this statute means that in all townships having no cities or having only cities of three hundred population or less, township high schools may be established.

The judgment is affirmed.