No. 19,413.

T. J. MARSHALL, *Appellant*, v. THE WICHITA AND MIDLAND VALLEY RAILROAD COMPANY et al., *Appellees.*

No. 19,600.

T. J. MARSHALL, *Appellant*, v. THE MIDLAND VALLEY RAILROAD COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. CITY ORDINANCE—*Terms Can Not be Varied by Parol Testimony.* Where a city ordinance granting a franchise to a railroad company for the use of a city street is formulated in plain and unambiguous language its terms can not be varied or enlarged by testimony showing an oral promise on the part of the grantee to pay damages to an adjacent property owner.

2. SAME—*Railroad on Street—Rights of Property Owners.* Where a city ordinance granting a franchise to a railroad company to use the streets makes no provision for damages to property adjacent to the right of way, the substantial rights of the property owners are not affected thereby.

3. SAME—*Railroad on Street—Elements of Damages to Adjacent Property—Recoverable.* While damages may be recovered from a railroad company for constructing its railway so as to shut off or seriously affect access to private property, or for changing the established grade and the like, those damages can not be measured by a broad comparison of the market value of the property before and after the construction of the railroad, following *A. & N. Rld. Co. v. Garside,* 10 Kan. 552.

4. SAME—*When Action for Damages Become Res Judicata.* When a property owner sues a railroad company for damages arising from the construction of a railroad adjacent to his property the damages, matured, continuing and prospective, are the subject of the lawsuit, and upon the conclusion of that action the matter is *res judicata* and can not be the basis of another lawsuit against the lessee of the railroad, following rule announced in *Hubbard v. Power Co.,* 89 Kan. 446, 131 Pac. 1182.

5. SAME—*Lessee of Railroad Not Liable for Damages.* The lessee of a railroad can not be held liable for damages to property arising from

Marshall v. Railroad Co.

the construction of a railroad when the railroad was properly constructed and the cause of action arose before the lessee came into possession of the railroad.

Appeals from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed November 6, 1915. Affirmed.

*James Lawrence*, of Wellington, for the appellant.

*J. D. Houston*, and *C. H. Brooks*, both of Wichita, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: Here are two appeals from the district court of Sumner county from judgments in favor of the defendants in two actions for damages to plaintiff arising from the construction of a railway adjacent to plaintiff's property in the city of Belle Plaine.

The first case was commenced in the district court on March 30, 1912, against The Wichita and Midland Valley Railroad Company, owner, and The Midland Valley Railroad Company, lessee. Issues were joined, the cause heard, and a demurrer to plaintiff's evidence sustained on October 8, 1913.

The second case was commenced before a justice of the peace on March 15, 1913, by the same plaintiff, but against only one defendant, The Midland Valley Railroad, the lessee which operated the railway. At the trial of this latter cause there was an agreed statement of facts in which it is conceded that The Wichita and Midland Valley Railroad built the railroad, and that prior to October 4, 1911, it constructed the ditches and culverts mentioned in this case; that on October 4, 1911, the owner leased the railroad to The Midland Valley Railroad Company, which has possessed and operated it since that date. The agreed statement also covered the history of the first case above mentioned. Thereupon the defendant, The Midland Valley Railroad Company, objected to the introduction of evidence on the ground that the agreed facts showed that there had been a prior adjudication against the plaintiff and that this defendant was not liable for the damages complained of, and this objection was sustained.

In substance the errors assigned in the first case are (1) the exclusion of testimony; and (2) sustaining the demurrer.

In the second case error is based on the decision that the subject matter had been adjudicated in the first case.

1. Under this assignment appellant complains that he was not permitted in the first case to prove an oral agreement between one J. E. Hopkins, the agent of The Wichita, McPherson and Gulf Railroad Company and its successor, The Wichita and Midland Valley Railroad Company, and the city government of Belle Plaine, whereby the railroad agreed, in consideration of the city's franchise, to occupy and use a certain platted but fenced and untraveled street, Washington street, and other streets, to compensate the plaintiff for damages to his property resulting from the occupancy of Washington street by the railroad. The franchise ordinance is a plain grant of a right of way for a railroad with main line, sidetrack, switches, telegraph poles and lines, depot and terminal facilities on Washington street. The ordinance gives no intimation of the alleged oral agreement between Hopkins and the city authorities.

Was it error to exclude testimony tending to show this oral agreement? No case is cited in support of that contention. This case is not like that of *K. C. & O. Rld. Co. v. Hicks,* 30 Kan. 288, 1 Pac. 396, as in that instance the city required $3500 to be paid to the city clerk for the satisfaction of damages to property owners as a condition of the franchise grant, and these terms were incorporated in the ordinance itself. But here our question turns on the admissibility of parol testimony to enlarge the terms of the ordinance, and to show another consideration than those set forth in its written provisions. Can that be done? It is familiar law that such evidence would be inadmissible in ordinary contracts and miscellaneous writings. Does the law permit some departure from this rule when legislative bills and city ordinances are under scrutiny? Such a practice was denounced in *W. W. M. Co. v. Shanahan et al.,* 128 N. Y. 345, 28 N. E. 358, 14 L. R. A. 481, where it was said:

"But the scrutiny which the courts have exercised in regard to legislation of this character has been confined to matters appearing on the face of the bill itself, and to things that are the subject of judicial notice. . . . The judicial department can not institute an inquiry concerning the motives and purposes of the legislature. . . . The question always is, with respect to such bills, How is the purpose of the legislature to be

Marshall v. Railroad Co.

ascertained? Must that be determined from the bill itself, and from such considerations as the court can judicially notice, or is it competent to take proof and determine it as a matter of fact, as was done in this case? Reason and authority, as well as the fitness of things, demand that when an act of the legislature . . . is assailed, . . . the question shall be determined by the language and general scope of the act. . . . There is room for much bad legislation and misgovernment within the pale of the constitution; but, whenever this happens, the remedy which the constitution provides, by the opportunity for frequent renewals of the legislative bodies, is far more efficacious than any which can be afforded by the judiciary." (pp. 358, 359.)

(See, also, 17 Cyc. 582; 36 Cyc. 1137.)

Of course, extraneous evidence can be used to clear up an ambiguity or omission, or manifest error appearing on the face of a statute or ordinance (*Reese v. Hammond,* 94 Kan. 459, 146 Pac. 997; *Coney v. City of Topeka,* ante, p. 46, 149 Pac. 689), but it would never do to permit parol evidence or any other evidence to amplify or enlarge the plain terms of a legislative enactment (*Eddy v. Morgan,* 216 Ill. 437, 75 N. E. 174; *City of Lebanon v. Creel, &c.,* 109 Ky. 363, 59 S. W. 16; *Ellis v. Boer,* 150 Mich. 452, 114 N. W. 239; Statutes, 44 Cent. Dig. c. 2848, § 292).

However, we do not see that the exclusion of this evidence in any wise prejudiced the plaintiff. Probably his right to damages could not have been enhanced by any agreement between the railroad company and the city. Certainly his right to recover damages can not be diminished by the city's omission to provide for damages in the franchise ordinance. Fortunately private rights are governed by positive law and do not depend upon the prudence or want of prudence in the enactment of city ordinances.

2. The next error assigned by plaintiff relates to the following question, objection and ruling:

"Q. You may state what the fair market value of your property was at the time of the passage of the ordinance?

"Defendant's counsel: Objected to as not contemplating the proper measure of damages; not being the proper time; not embracing the proper measure of damages in this case; it is immaterial what the value of the property was at that time.

"By the court: The objection is overruled.

"A. Four thousand dollars.

"Q. Now, Mr. Marshall, you may state what the fair market value of your property was immediately after the passage of the ordinance in

question and the construction of the road bed and railway, as you have described it.

"Defendant's counsel: To which we make the objection that it does not embrace the proper elements of damage, and no proper elements of damage have been proven, or any elements to prove or tend to prove proper elements of damage.

"By the court: I think the objection ought to be sustained."

This question was far too broad. This court has often held that the mere diminution in value of property consequent upon the establishment of a railroad near by is not a cause of action for damages. Both phases of this proposition were set forth in the syllabus of *A. & N. Rld. Co. v. Garside,* 10 Kan. 552, in which it was said:

"A railway company having authority from the city may construct and operate its road over streets and public grounds without compensation to the abutting lot-owners for the use of the same, and without being liable to such lot-owners for consequential damages arising from noise, smoke, offensive vapors, sparks, fires, shaking of the ground, and other inconveniences and annoyances, where the railroad is operated in a legal and proper manner; and in fact it may so construct and operate its road without being liable to said lot-owners for any damages, where the road is constructed and operated in a legal and proper manner; but where the property is a street or highway, the railway company will be liable to any person who may receive actual injury from the illegal or unnecessary blocking up or obstructing of such street or highway by the railroad company, whether the obstruction be permanent or only temporary." (Syl. ¶ 3.)

To the same effect are: *C. B. U. P. Rld. Co. v. Twine,* 23 Kan. 585; C. B. U. P. Rld. Co. v. Andrews, 30 Kan. 590, 2 Pac. 667, and cases cited; *K. N. & D. Rly. Co. v. Cuykendall,* 42 Kan. 234, 21 Pac. 1051; *K. N. & D. Rly. Co. v. Mahler,* 45 Kan. 565, 26 Pac. 22; *Rapid Transit Rly. Co. v. Early,* 46 Kan. 197, 26 Pac. 422; *C. K. & W. Rld. Co. v. Investment Co.,* 51 Kan. 600, 33 Pac. 378; *City of Leavenworth v. Douglass,* 59 Kan. 416, 52 Pac. 123.

The cases cited by appellant (*C. B. U. P. Rld. Co. v. Twine,* supra, and *City of Topeka v. Martineau,* 42 Kan. 387, 22 Pac. 419) relate to changes in the established grade of the street. The cases cited note this exception to the general rule and allow damages under such circumstances. So also in cases where access to property is entirely cut off. (*A. T. & S. F. Rld. Co. v. Davidson,* 52 Kan. 739, 35 Pac. 787; *A. T. & S. F. Rld. Co. v. Church,* 53 Kan. 621, 36 Pac. 979.)

(See, also, *Highbarger v. Milford,* 71 Kan. 331, 80 Pac. 633.)

3. Coming now to the second case: When the latter case came to the district court, certain facts touching the construction of the railroad and touching the prior litigation in the district court were conceded. It was admitted that the sole defendant in this case was operating the railroad under a lease dated October 4, 1911; that the railroad had been completed by its owner after February 8, 1911, and before October 4, 1911; that the first action was brought on March 30, 1912, against the owner, The Wichita and Midland Valley Railroad Company, and by permission of court this defendant, The Midland Valley Railroad Company, was made defendant in plaintiff's amended petition filed July 11, 1912, and that that case had gone to judgment on a demurrer to the evidence on October 8, 1913.

Appellant's abstract continues:

"Thereupon, The plaintiff offered to introduce evidence showing his damages as claimed in the Bill of Particulars; and

"Thereupon, The defendant objected to the introduction of such evidence, on the ground that the agreed statement of facts above set out shows that there has been an adjudication of said matters against the plaintiff, and upon the further grounds that, under the agreed statement of facts above set out, the defendant is not liable for any such damages; which objection is by the court sustained, and the jury is discharged."

Was there error here? Appellant contends that to be an adjudication the parties and issues must both be identical. Touching the distinction between his cases, appellant says:

"In 19,413 plaintiff claims damages for being deprived of ingress and egress to his property by reason of the construction of the railroad, the permanent appropriation of the street and depreciation of his property in value, and the construction of a culvert under the road bed which throws large quantities of surface water upon his property to his injury and damage.

"There is nothing said about damages to any crop.

"In 19,600 the claim is for throwing water upon his land and destroying his crops by ditches dug by appellee, and which drain the water from north of Tenth street and north of appellant's land and empty the same upon his property, and which water did not flow upon his property before the construction of the road bed and the digging of the ditches, and that the water on or about the 24th day of May, 1912, flowed from the ditches upon his land and ruined the crops then growing. This injury complained of happened long after action No. 19,413 had been instituted, which was on March 30th, 1912."

It will be noted that in the second case, as stated by appellant, the injury was done to the crops by ditches and water, and the agreed facts stipulate that these ditches were constructed by the owner of this railroad, not by the lessee and sole defendant, and that these damages occurred prior to the filing of plaintiff's amended petition in his first case. In the amended petition, filed July 11, 1912, it was alleged against both railroads, the owner and the lessee:

"That defendant has thrown up a grade several feet in height the whole length of plaintiff's land and constructed under said grade a culvert or waterway by which large quantities of surface water is thrown upon his land to his injury and damage."

Obviously this complaint concerning damages by water was and of necessity must have been litigated in the first action. Moreover, if it was not, it was waived, for in an action of this sort all the then matured, continuing and anticipated damages to plaintiff's property growing out of the construction of this railroad constituted the issues between the litigants. (23 Cyc. 1170; 2 Black on Judgments, 2d ed., § 731.)

In *C. K. & W. Rld. Co. v. Comm'rs of Anderson Co.*, 47 Kan. 766, 29 Pac. 96, it was said:

"The rule of *res judicata* applies as well to facts settled and adjudicated as to causes of action. When a matter is once adjudicated, it is conclusively determined between the same parties and their privies as to all matters which were or might have been litigated; and this determination is binding, as an estoppel, in all other actions, whether commenced before or after the action in which the adjudication was made. (*Hentig v. Redden*, 46 Kan. 231, 26 Pac. 701; *Railroad Co. v. Comm'rs of Jefferson Co.*, 12 Kan. 127; *Whittaker v. Hawley*, 30 Kan. 317, 327, 1 Pac. 508; *Hoisington v. Brakey*, 31 Kan. 560, 3 Pac. 353; *W. & W. Rly. Co. v. Beebe*, 39 Kan. 465, 18 Pac. 502; *Comm'rs of Marion Co. v. Welch*, 40 Kan. 767, 20 Pac. 483; *Shepard v. Stockham*, 45 Kan. 244, 25 Pac. 559; Freeman, Judgm., § 249; *Poorman v. Mitchell*, 48 Mo. 45; *Allis v. Davidson*, 23 Minn. 442; *Casebeer v. Mowry*, 55 Pa. St. 419; *Franklin Co. v. Savings Bank*, 12 U. S. 147.) We therefore are of the opinion that everything that was litigated in the action of *C. K. & W. Rld. Co. v. Ozark Township*, 46 Kan. 415, or that might have been litigated therein, was determined in that case, and can not be opened up again." (p. 767.)

A case much the same in principle as the one before us was *Hubbard v. Power Co.*, 89 Kan. 446, 131 Pac. 1182, where it was said:

"Where lands are subject to overflow by reason of the erection and maintenance of a dam permanent in character, the owner who has not

Marshall v. Railroad Co.

been compensated for the appropriation of his lands may, if he see fit, maintain an action to recover all damages occasioned to the lands, present and prospective, and such cause of action accrues at the time of the appropriation.

"The owner of lands adjacent to a dam erected as a permanent structure sued to recover damages to the lands by reason of their being subject to overflow. The answer set up the record and proceedings in a former action between the same parties wherein the plaintiff recovered damages to the land caused by the erection and maintenance of the dam. *Held,* that the facts pleaded constitute a good defense of *res judicata* and that a demurrer to the answer was rightly overruled." (Syl. ¶¶ 1, 2.)

(See, also, *A. T. & S. F. Rld. Co. v. Hammer,* 22 Kan. 763; *K. C. & E. Rld. Co. v. Riley,* 33 Kan. 374, 6 Pac. 581; *C. K. & N. Rly. Co. v. Steck,* 51 Kan. 737, 33 Pac. 601; *Mo. Pac. Rly. Co. v. Renfro,* 52 Kan. 237, 34 Pac. 802; *Mo. Pac. Rly. Co. v. Keys,* 55 Kan. 205, 40 Pac. 275; *Singleton v. Railway Co.,* 67 Kan. 284, 72 Pac. 786; *Darlington v. Cloud County,* 75 Kan. 810, 88 Pac. 529; *Paola v. Garman,* 80 Kan. 702, 103 Pac. 83.)

It is not suggested by either party that the questions of law in this case might be affected by recent legislation.

In neither of the cases at bar was there any allegation of negligence in the manner of constructing the railroad. Whatever damages were done to plaintiff's property, whether recoverable or not, were done by the owner of the railroad and before it was taken possession of by the lessee. In such cases the lessee was not liable. (*Johnson v. Lewis,* 13 Conn. 303; *Kearney, Appellant, v. Central Railroad Co.,* 167 Pa. St. 362, 31 Atl. 637; *Philadelphia & R. R. Co. v. Smith,* 64 Fed. 679.)

In this state the lessee may be liable under some circumstances, but only upon notice pleaded and proved. (*Mo. Pac. Rly. Co. v. Webster,* 3 Kan. App. 106, 42 Pac. 845.)

This disposes of the errors assigned, and the judgments are affirmed.