# SUPREME COURT,
## STATE OF KANSAS.

## JANUARY TERM, 1917.

### PRESENT:

Hon. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. SILAS W. PORTER,
Hon. JUDSON S. WEST,  } JUSTICES.
Hon. JOHN MARSHALL,
Hon. JOHN S. DAWSON,

No. 19,799.

ADOLPH KRUSE, *Appellant,* v. JOSEPH E. CONKLIN and W. G. FAIRCHILD, *Appellees.*

### SYLLABUS BY THE COURT.

MORTGAGE FORECLOSURE—*Judicial Sale — Sheriff's Deed — Prima Facie Evidence.* A sheriff's deed, executed under a judgment foreclosing a mortgage on real property, is *prima facie* evidence that the plaintiff in the foreclosure action was the owner and holder of the debt and mortgage sued on in that action.

Appeal from Kiowa district court; GORDON L. FINLEY, judge. Opinion filed March 10, 1917. Reversed.

*John W. Davis,* of Greensburg, for the appellant.

*W. G. Fairchild,* of Hutchinson, for the appellees; *H. S. Lewis,* of Hutchinson, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: This action is for the recovery of the possession of real property. The plaintiff appeals from a judgment sustaining a demurrer to his evidence. The opinion of this court on a former appeal is found in *Kruse v. Conklin,* 82 Kan. 358, 108 Pac. 856.

The plaintiff's title is based on a sheriff's deed, which recites:

"That whereas, on the 10th day of September, A. D. 1901, in an action then pending in the district court of Kiowa county, in the thirty-first judicial district of the state of Kansas, wherein M. P. Hocking was plaintiff, and James T. Callahan, Lee Kenyon, Thomas J. York and Annie L. York and The Fullington Live Stock Company, a corporation, were defendants, said plaintiff recovered a judgment in said court against said defendants Thomas J. York and Annie L. York, his wife, for the sum of six hundred and fifty dollars, debt, and $15.95 costs of said action, and that said judgment for $650 bear interest at the rate of twelve per cent per annum, from the date of the rendition thereof.

"And whereas, on said day, in said cause, in said court, it was further considered, ordered and adjudged, and a further judgment was rendered against said defendants that in case said defendants should fail, for six months, from said tenth day of September, A. D. 1901, to pay said plaintiff said sum of $650 together with the interest thereon and the costs of said action, an order of sale issue to the sheriff of said county of Kiowa in the state of Kansas, commanding him to advertise and sell, according to law, and without appraisement, the following described lands and tenements."

The sheriff's deed further recites that an order of sale was issued; that sale was made to M. P. Hocking; and that the sale was confirmed. The deed was executed September 20, 1902, and was recorded September 26, 1902.

The plaintiff's evidence showed the following conveyances affecting the title to the land: A final receipt from the United States Land Office to Neal B. Foster, dated July 23, 1887; a warranty deed from Neal B. Foster to Thomas J. York, executed July 21, 1887; a note and mortgage for $650 from Thomas J. York to C. L. Davidson, executed July 1, 1887; an assignment of the mortgage for $650 from C. L. Davidson to Fullington Live Stock Company, dated November 11, 1898; the sheriff's deed to M. P. Hocking; a quitclaim deed from M. P. Hocking to Virgil W. Mendenhall, executed March 3, 1903; a quitclaim deed from Virgil W. Mendenhall to the plaintiff, Adolph Kruse, executed March 14, 1903; a warranty deed from Thomas J. York and wife to Milo M. Lee, executed August 13, 1887; a warranty deed from Milo M. Lee to James T. Callahan, executed October 4, 1887; and a mortgage from James T. Callahan, a single man, to Lee Kenyon, executed August 31, 1888. These instruments were all properly recorded at or near the time of their execution.

The plaintiff's evidence also tended to show that the sheriff's deed to M. P. Hocking was based on the foreclosure of the $650 mortgage given by Thomas J. York to C. L. Davidson; that the Fullington Live Stock Company was adjudged a bankrupt while it owned this mortgage; that Joseph E. Conklin, not the defendant, was trustee in bankruptcy; that this mortgage and the note it secured were listed as a part of the assets of the bankrupt estate; that an order was made in the bankruptcy proceeding directing the trustee to sell the personal property belonging to the estate at public sale; that such sale took place on May 9, 1900; that the $650 note and mortgage were not sold for want of bidders; and that Cephas Ritchie paid $100 to $200 to the trustee in bankruptcy for the note and mortgage.

The plaintiff offered to introduce in evidence the original assignment from Joseph E. Conklin, trustee in bankruptcy for the Fullington Live Stock Company, bankrupt, to Cephas Ritchie, dated June 24, 1901; and also offered to introduce the assignment of the mortgage from Cephas Ritchie to M. P. Hocking. These assignments appeared in writing on the back of the mortgage. Objections to the introduction of this evidence were sustained. These objections and the demurrer to the plaintiff's evidence were sustained because no authority was shown giving to the trustee in bankruptcy any power to transfer the note and mortgage at private sale, to any person.

The sheriff's deed transferred to M. P. Hocking all the right, title and interest that each of the defendants in the foreclosure action had in the land in controversy. It was not necessary, in the present action, for the plaintiff to show, in the first instance, anything that entered into or was affected by the foreclosure action. The ownership of the note and mortgage was an issue that could have been raised in that action by any one of the defendants therein. Their failure to raise that issue precludes them and their privies from now raising that question. (*Marshall v. Railroad Co.*, 96 Kan. 470, 476, 152 Pac. 634, and cases there cited.) By introducing in evidence conveyances showing a title from the United States government to Thomas J. York, and from Thomas J. York to the defendants named in the foreclosure action, and by introducing the sheriff's deed issued under the judgment in that ac-

tion, the plaintiff made a case showing title in himself as against all the defendants in the foreclosure action, and as against all who held under them. It was not necessary, in the present action, for the plaintiff to show that he was the assignee, holder or owner of the note and mortgage at the time the foreclosure action was commenced. The sheriff's deed was *prima facie* evidence of that fact.

If the defendants claim title to the real property superior to the plaintiff's title, or if the defendants' title in any way avoids the effect of the sheriff's deed, that fact should be shown in defense. It follows that it was error to sustain the demurrer to the plaintiff's evidence.

The judgment is reversed, and the cause is remanded for a new trial.

PORTER, J., dissenting.