## BELLAH v. PHŒNIX UTILITIES CO.

(District Court, D. Kansas, Third Division. December 19, 1924.)

No. 612.

1. **Waters and water courses** ⊜—171(2)—**Proprietor without right to turn back flood waters of stream on land of adjoining proprietor.**

If water flowing down a stream, which commonly in flood times of the year rises so high as to overflow its banks, within which the water is usually confined, spreads out over the low bottom lands while seeking its outlet down the stream, it may be regarded as part of the natural water course, and one proprietor is without legal right to turn back or impound such waters on land of an adjoining proprietor.

2. **Courts** ⊜—365—**Rights of riparian owners governed by local laws; local law as declared by highest state judicial tribunal binding on federal courts sitting in such state.**

Question of rights of riparian owners having lands along course of streams of the state are governed by local laws of the several states, and local law as declared by the highest judicial tribunal of the state is binding on the federal courts sitting in such state, especially

where the rule of decision is controlled or affected by a decision made by the state court in construing a statute of the state on the subject.

3. **Waters and water courses** ⊜—171(2)—**Defendant held without right to build railroad embankment deflecting flood waters of stream.**

Defendant *held* without legal right to throw back flood waters of a river on premises of plaintiff by building of an embankment for a railroad, in view of Gen. St. Kan. 1915, § 4050, where embankment was constructed for defendant's private convenience in such manner as to impound the water on plaintiff's land and to deflect the current of stream over it, irrespective of whether the flood waters of the river constituted surface water and not a part of a natural water course.

At Law. Action by Jess Bellah against the Phœnix Utilities Company, a corporation. On demurrer. Demurrer overruled.

E. L. Burton and Carl V. Rice, both of Parsons, Kan., for plaintiff.

Kimball & Osgood, of Parsons, Kan., and McCune, Caldwell & Downing, of Kansas City, Mo., for defendant.

POLLOCK, District Judge. The facts in this case, as pleaded, are, in substance, as follows:

Plaintiff is and for many years has been the owner of a tract of about 60 acres of land lying on the bank of the Neosho river in Labette county, this state. Defendant constructed an embankment or grade for a railroad from 2 to 8 feet in height, for the purpose of forming a grade for its line of railway. This grade or embankment is so constructed as to cause the greater part of plaintiff's land to lie between it and the river. By reason of the construction of this grade or embankment, the flood waters coming down the river in time of high water in June, 1923, the water was not allowed to flow back from the river onto the lowlands lying outside of the grade of the road, and, in consequence, the water stood on the land of plaintiff to a greater depth and for a longer period of time than it would have done in the absence of the grade. Further, by reason of this embankment or grade, the channel of the river during the high-water period was deflected and turned over the land of plaintiff to the great injury of plaintiff in the loss of his crops then growing on the land and damage to his land.

To the petition so declaring, the defendant has demurred. This demurrer is based on the theory that the flood waters of the river are a common enemy, and each land proprietor has the right to fence against the encroachment of the same on his proper-

ty or premises, and that any injury or damage done an adjoining proprietor by reason of turning back the water upon his premises, or turning back or impounding such waters on the land of an adjoining proprietor is damnum absque injuria.

[1] An examination of the law of surface waters, in the absence of a controlling statute is as is contended by defendant in behalf of the demurrer. The question here, however, presented is: Is water flowing down a stream, such as the Neosho river, which commonly in flood times of the year rises so high as to overflow the banks of the stream within which the water is usually confined, and spreads out over the low bottom lands while seeking its outlet down the stream, as is the case with the many streams of this state, surface water, as that term is usually employed in the law of waters? For, it is equally well settled, if such water so flowing be regarded as a part of a natural water course, then the very reverse of the common-law rule, in the absence of statute relating to surface waters, applies for the obstruction of such a natural water course.

Defendant, in support of its demurrer, cites and relies upon three cases emanating from the Supreme Court of the nation as decisive of this case, to wit, Jackson v. United States, 230 U. S. 1, 33 S. Ct. 1011, 57 L. Ed. 1363, Hughes v. United States, 230 U. S. 24, 33 S. Ct. 1019, 57 L. Ed. 1374, 46 L. R. A. (N. S.) 624, and Cubbins v. Miss. River Commission, 241 U. S. 351, 36 S. Ct. 671, 60 L. Ed. 1041.

Each and all of these cases grew out of the building of levees under authority of the United States or of the several states in attempt to confine the waters of the Mississippi river within bounds for the advantage of shipping on the river and to prevent the spread of flood waters over the entire low valley lands lying along said river. In all of these cases the authority under which the work was being prosecuted, and the public necessity for the doing of this work, and the great advantage to the public benefited, appears to have influenced the decisions made. However, in the present case the embankment built by defendant was constructed, not in any attempt to confine the waters of the river within its ordinary banks, but the grade or embankment of defendant was constructed for its private convenience in such manner as to throw the land of plaintiff between this embankment and the river bank. In this condition of affairs this embankment serves not alone to impound the water on the land of plaintiff, but, as pleaded in the petition, to deflect the current of the stream upon and over plaintiff's land.

A statute of this state would seem to have some bearing upon the question presented. Section 4050, Gen. Stat. 1915, same being section 2, c. 175, Laws of 1911, reads as follows:

"A lower owner or proprietor shall not construct or maintain a dam or levee for the purpose of obstructing the flow of surface water onto his land to the damage of the adjacent upper owner or proprietor; but nothing herein shall be construed as preventing an owner of land from constructing a dike or levee along the bank of a natural water course to repel flood water from such natural water course: Provided, that the provisions of this act shall apply only to lands used for agricultural purposes and highways lying wholly outside the limits of any incorporate city."

This act is a part of the general and comprehensive drainage law of this state. The Supreme Court of the state, in construing this act in State ex rel. v. Zerbe, 87 Kan. 300, 124 P. 160, said:

"Prior to the legislation of 1911, a landowner in this state was permitted to maintain upon his own premises an embankment to prevent storm waters from flowing upon his land from that of another, while following the natural drainage but not running in a natural water course, although in many states the common law is interpreted otherwise. 3 Farnham, Waters and Water Rights, § 889c; note, 22 L. R. A. (N. S.) 789, 794."

[2] The question of the drainage of the lands of the state, the rights of riparian owners having lands along the course of streams of the state, and kindred questions, are governed by local laws of the several states, and in all such cases the local law as declared by the highest judicial tribunal of the state is binding upon the federal courts sitting in such state, and more particularly is this true where the rule of decision is controlled or affected by a decision made by the state court in construing a statute of the state on the subject.

Considering the question, therefore, as one of local law of the state, there can be no doubt but that the demurrer here presented must be overruled and denied. See Thompson v. McDougal, 103 Kan. 373, 175 P. 157; Lynch v. Payne, 117 Kan. 5, 230 P. 85; Jefferson v. Hicks, 23 Okl. 684, 102 P. 79, 24 L. R. A. (N. S.) 214.

[3] It follows, therefore, even if the flood waters of the Neosho river in this case shall be regarded as surface water and not a part of a natural water course, the defendant would be without legal right to throw back the flood waters upon the premises of the plaintiff by the building of the embankment in question.

The demurrer must therefore be overruled. It is so ordered.